(149 App. Div. 323.)

### MUCK v. HITCHCOCK et al.

(Supreme Court, Appellate Division, Fourth Department.　March 6, 1912.)

1. RELIGIOUS SOCIETIES (§ 20*)—RELIGIOUS CORPORATIONS—PROPERTY—RIGHT TO SELL—CONDITIONS—LEAVE OF COURT.

A religious corporation at common law had no power to sell its property without leave of court.

[Ed. Note.—For other cases, see Religious Societies, Cent. Dig. §§ 130–143; Dec. Dig. § 20.*]

2. RELIGIOUS SOCIETIES (§ 20*)—RELIGIOUS CORPORATION—REAL PROPERTY—CONTRACTS OF SALE.

Though a religious corporation may not make a valid conveyance of its real property without leave of court, it may make a valid contract of sale with the condition that conveyance be made on permission of the court, if such can be obtained, and, if such condition be not expressed, it will be implied.

[Ed. Note.—For other cases, see Religious Societies, Cent. Dig. §§ 130–143; Dec. Dig. § 2(;..*]

3. SPECIFIC PERFORMANCE (§ 126*)—CONTRACT TO CONVEY LAND—RELIGIOUS CORPORATION—JURISDICTION.

Where a religious corporation makes a contract to convey real property subject to the express or implied condition that the consent of the court may be obtained, a court of equity in an action for specific performance has jurisdiction to inquire into the fairness of the contract and as to its advantage or disadvantage to the corporation and to approve the proposed conveyance, and direct its execution on all the facts, in the absence of any valid reason for refusing such relief.

[Ed. Note.—For other cases, see Specific Performance, Cent. Dig. §§ 401–405; Dec. Dig. § 126.*]

4. SPECIFIC PERFORMANCE (§ 128*)—CONTRACT TO SELL REAL ESTATE—RELIGIOUS CORPORATION—DENIAL OF RELIEF—STATU QUO.

A foreign religious corporation contracted to sell a farm in New York to plaintiff for $600, $50 being paid down on signing the contract. Complainant tendered a deed with the balance due, but a conveyance was refused, as was also the return of the earnest money, and immediately thereafter the corporation contracted to convey the property to defendant W. for $1,400, and, after obtaining permission of the court to make such transfer, conveyed the land to W.'s assignee, both of whom took with notice of the contract to convey to plaintiff. *Held* that, since the contract with plaintiff was disadvantageous to the corporation, specific performance would not be decreed, but plaintiff was entitled to be placed in statu quo by a decree for the amount of the earnest money and interest, declared to be a lien on the premises.

[Ed. Note.—For other cases, see Specific Performance, Cent. Dig §§ 412–419; Dec. Dig. § 128.*]

Appeal from Trial Term, Livingston County.

Action by Elvira E. Muck against S. Edward Hitchcock and others impleaded with the American Millenial Association.　From a judgment dismissing the complaint on the merits as to defendants Hitchcock and Welch without costs on decision of the court after a trial at an equity term, plaintiff appeals.　Reversed and vacated and rendered.

The action was commenced on the 12th day of July, 1909, to obtain specific performance of a contract for the sale of a parcel of real property situate in the county of Livingston, entered into between the defendant corpora-

*For other cases see same topic & §. NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

tion and the plaintiff, it being alleged that the defendant after the making of the contract deeded the property to the other defendants and refused to carry out its contract with the plaintiff. The plaintiff asked that the defendants be directed to convey the premises to the plaintiff, or if such relief could not be had, that the said corporation be compelled to respond in damages for the breach of the contract. The summons was served by publication upon the defendant corporation and by personal service without the state upon one of its officers. The corporation did not appear or answer in the action. The other defendants answered and set up the defense, in substance, that the plaintiff's contract was fraudulently obtained from the said corporation and should be canceled, that the plaintiff abandoned the contract, and that thereafter the premises were sold to such defendants.

Argued before McLENNAN, P. J., and SPRING, KRUSE, ROBSON, and FOOTE, JJ.

Milton E. Gibbs, for appellant.
A. C. Olp, for respondents.

McLENNAN, P. J. On this appeal the appellant presents none of the evidence taken before the court, but simply the judgment roll in the action. The court made certain findings of fact, from which it appears that the defendant American Millenial Association is a foreign religious corporation, organized under the laws of Massachusetts, and had at some time prior to the commencement of this action acquired by devise the premises in question, a farm located in Livingston county, N. Y. Thereafter, and on February 21, 1908, the plaintiff entered into a written contract with the corporation, whereby it agreed to sell the farm to the plaintiff for the sum of $600, $50 of which was paid on signing the contract. The balance was to be paid and the deed delivered on July 1, 1908. The plaintiff notified the defendant before that date that she was ready to fulfill her contract upon delivery of the deed to her. The corporation replied, suggesting that plaintiff prepare the deed. This was not done, however, until about December 1, 1908, when a tender of the balance due was made at the office of the corporation in Boston, but the corporation refused to accept the same or to sign any deed, and also refused to return the $50 which the plaintiff had paid on account of the contract. On or about January 29, 1909, the defendant corporation entered into a contract with the defendant Welch to sell the farm to him for $1,400. Thereafter the corporation took proceedings in the Livingston County Court, and obtained an order authorizing it to sell the farm to Welch for $1,400, and a deed was executed and delivered accordingly to the defendant Hitchcock, the assignee of Welch. So far as appears, the plaintiff was not a party to, and had no notice of, such proceedings. No proceedings were ever taken to obtain leave of the court permitting the defendant to sell the farm to the plaintiff in pursuance of the contract entered into or otherwise. It is alleged that the plaintiff's contract was filed in the Livingston county clerk's office in August, 1908, and the court has found that the defendants Hitchcock and Welch knew of the contract which the defendant corporation had made with the plaintiff before they purchased the farm. Upon these facts, the court has found that the contract entered into between the said association and the plaintiff for the sale of said farm cannot be

enforced in this action because no permission of the court had been ever obtained for the making of said contract or the sale of the lands to the plaintiff, and that the defendants are entitled to a judgment dismissing the complaint without costs.

Section 12 of the Religious Corporations Law (Consol. Laws 1909, c. 51) of the state of New York provides:

"A religious corporation shall not sell or mortgage any of its real property without applying for and obtaining leave of the court therefor pursuant to the provisions of the Code of Civil Procedure."

Section 21 of the General Corporation Law (Consol. Laws 1909, c. 23) of this state provides:

"Any foreign corporation may purchase at a sale upon the foreclosure of any mortgage held by it, or, upon any judgment or decree for debts due it, or, upon any settlement to secure such debts, any real property within this state covered by or subject to such mortgage, judgment, decree or settlement, and may take by devise any real property situated within this state and hold the same for not exceeding five years from the date of such purchase, or from the time when the right to possession thereof vests in such devisee, and convey it by deed or otherwise in the same manner as a domestic corporation."

The trial court has held that, under these provisions, a foreign religious corporation must convey its real property in this state in the same manner as a domestic religious corporation, and that such foreign corporation cannot make a valid contract for the sale of its real property within this state without first obtaining permission of the court. It might be interesting to determine whether a foreign religious corporation can make a valid conveyance under such circumstances without first obtaining leave of court, and we are not prepared to say that section 21 of the General Corporation Law above quoted has the effect of bringing a foreign religious corporation within the provisions of section 12 of the Religious Corporations Law. It is plain that the provisions of section 21 of the General Corporation Law afford to foreign corporations, religious or otherwise, certain privileges in the way of taking, holding, and conveying real property in this state. It may be that, as urged by the appellant, such provisions are merely permissive in their effect, and are intended simply to allow foreign corporations to come into our state and take, hold, and convey real property in any manner authorized by their charters under the laws of the state where organized, and that any specific restriction on our own corporations does not apply to a foreign corporation, unless it can be said that such specific provision represents the public policy of our state in relation to all corporations, foreign or domestic. And there may be some force in the suggestion that the restriction in question here does not represent any public policy in that regard, for the reason that no statutory restriction upon the alienation of real property is placed upon religious associations generally, but only upon incorporated religious bodies. And the appellant contends that, if this be so, the laws of Massachusetts would govern, in connection with the provisions of the defendant corporation's charter, and that, in the absence of proof as to such laws or provisions, the presumption would prevail that the common law governs the matter

in·Massachusetts, and that it does not prevent a religious corporation from transferring its property in the same manner as any other kind of corporation.

[1] In our opinion, however, the determination of this question in favor of the appellant would not aid her on this appeal. There is no evidence before us as to what the statutes of Massachusetts provide in such case, nor are we informed by the record what powers are given to, or what restrictions are placed upon, the defendant corporation in its charter. And, if the presumption is to obtain that the common law prevails on this subject in Massachusetts, the appellant still receives no aid from that fact; for our courts have held that the common law forbids a religious corporation from selling its property without first obtaining leave of court. Madison Avenue Baptist Church v. Baptist Church in O. St., 46 N. Y. 131, 141. So that, upon the record before us, it is apparent that, in either event, the defendant corporation, in order to make a valid conveyance of the real property in· question, must first have obtained leave of court; and it is immaterial to determine whether such leave was necessary in pursuance of any mandate of our statutes or in obedience to the common law. If the record contained any evidence or finding as to what the statutes of Massachusetts provide in such case, or as to what powers are given, or restrictions · imposed, in the defendant corporation's charter, we might be called upon to consider the proposition urged.by the appellant as to the effect of the provisions of our statutes.

[2] We are, however, of the opinion that the trial court erred in holding as matter of law that a religious corporation cannot enter into a valid contract of sale without permission of the court. Concededly, under our statutes, a domestic religious corporation cannot make a valid conveyance of its real property without such leave. But it seems logical and reasonable that a religious corporation may enter into a contract for the sale of its real property, with the condition that conveyance be made upon permission of the court if such can be obtained, and that, even if such condition be not expressed, the court would imply such a provision in the contract.

[3] And we do not doubt that a court of equity in an action to compel specific performance of such a contract has ample power to inquire into the fairness of the contract and as to its advantage or disadvantage to the religious corporation, and to approve the proposed conveyance and direct it to be made where, upon all the facts, no valid reason appears for refusing such relief. Congregation Beth Elohim v. Central Presbyterian Church, 10 Abb. Prac. N. S., 484.

[4] It· is apparent, however, from the record in this case that a court of equity should not compel specific performance of the contract by the defendant corporation, for the reason that at the price contracted for the sale would be to the disadvantage of the corporation, and the defendant corporation is entitled to be relieved from the contract upon placing the plaintiff in statu quo. This the corporation has not done, and the plaintiff is entitled to be protected under her contract against any inequitable act on the part of the defendants in the premises. The corporation could only be relieved from its con-

tract upon returning to the plaintiff the amount paid by her on the contract, and where, as in this case, the corporation has wrongfully refused to do that, and specific performance cannot be decreed, the plaintiff will be held to have an equitable lien on the premises for the amount so paid, and is entitled to enforce such lien by sale of the property, if the facts warrant. Price v. Palmer, 23 Hun, 504. In our opinion the facts shown warrant the granting of this relief to the plaintiff. The defendant corporation, so far as appears, has no office for the transaction of business within this state, and the plaintiff is without recourse against it in the courts of this state to recover back the sum so paid, except in this manner in this action. The defendants who purchased the premises knew of plaintiff's contract and rights, and cannot be said to occupy any better position than does the corporation itself in that respect. The facts are not in dispute, and this court has power to direct such judgment in the premises as the parties are equitably entitled to. Section 993, Code of Civil Procedure.

The defendants are entitled to judgment directing that the plaintiff's contract be canceled of record upon condition that plaintiff recover back the sum of $50 paid on such contract, with interest thereon from February 21, 1908, together with the costs of this appeal, and the plaintiff is entitled to judgment declaring such recovery to be a lien upon the premises contracted to be sold to her, and that if the same be not paid within 30 days after the service of a copy of the judgment hereby directed on the defendants S. Edward Hitchcock, Alice Hitchcock, and William J. Welch, that the premises in question, or so much of the same as may be necessary, be sold by a referee to be appointed by the court upon application, and that the plaintiff be paid from the avails of such sale.

The judgment appealed from should be. reversed and vacated, and a judgment entered as above outlined.

Judgment reversed and vacated, and judgment directed to be entered in accordance with the opinion of McLENNAN, P. J., with costs to appellant. All concur, SPRING and KRUSE, JJ., voting for reversal in a separate memorandum by KRUSE, J.

### Memorandum for Reversal.

KRUSE, J. I agree to the reversal, but think there should be judgment in favor of the plaintiff requiring the defendant to carry out its contract and convey the premises. I think real property acquired and held by a foreign corporation, such as this, may be conveyed without obtaining leave of the courts of this state, and that the contract is enforceable.