Matthew M. Levy, J.
Some ten or more years ago — to be exact, on August 16, 1945 — the Beth Jacob School of West Bronx, Inc., a religious corporation, acting by its then president (for a consideration of $11,361 paid to the corporation by Samuel and Wilma Barusek) delivered to them a full covenant and warranty deed to certain real property located at 1712 Townsend Avenue in The Bronx. Upon taking title, the grantees occupied and controlled the premises as the owners thereof, and that they did from then until now. At the time of the contract and conveyance, the grantor was represented by counsel, but the Baruseks were not. It appears that the corporation had failed to obtain the permission of the court to sell the property, as required by the Religious Corporations Law.
The controlling statutes are section 12 of the Religious Corporations Law and sections 50 through 53 of the General Corporation Law. Subdivision 1 of section 12 of the Religious Corporations Law states that a religious corporation shall not sell any of its real property without applying for and obtaining leave of the court therefor pursuant to article 5 of the General Corporation Law. Section 50 of article 5 of the latter statute prescribes the contents of the petition to the court. Among them is the requirement that “ such sale, * * * has been authorized by a vote of at least two-thirds of its directors, at a meeting, duly called and held, and [that] a copy of the resolution granting such authority [be presented to the court] ” (par. 5). Section 51 provides that, “ Upon presentation of the petition, the court may hear the application immediately, or in its discretion may direct that notice of the application be given ’ •’ to interested persons, and that “ the court may appoint a referee to take the proof and report ”. Section 52 provides for the making of an order authorizing the sale and directing the disposition of the proceeds of the sale. Section 53 provides that if the corporation be insolvent, ‘ ‘ the application shall not be granted, unless all the creditors of the corporation shall have been served, personally or by mail, with a notice of the time and place of the hearing.”
If the authority to sell has not been obtained, then subdivision 9 of section 12 of the Religious Corporations Law governs. It is there provided that application for the confirmation of a conveyance (executed and delivered without authority of the court) may later be presented to the court upon the petition *952 of the grantee or the religious corporation. One of the Baruselts, a surviving grantee, instituted the instant proceeding, requiring the corporation to show cause why there should not be judicial confirmation of the 1945 sale to the Baruseks. Service of notice of the application was made upon the executive director of the corporation. The corporation appeared by attorney on the return day of the motion, and he orally consented to the entry of an order confirming the sale; but neither he nor the petitioner has been able to obtain or present a resolution of the then or present board of trustees authorizing it.
Although it would seem to me that, in a proper case, the court may — as urged by the petitioner — dispense with the actual presentation of a corporate resolution, that would not resolve the matter. The desired confirmatory order of the court remains discretionary. For the legislative intent is clearly indicated — the sanction of the court is deemed necessary for the protection of the religious purposes of the corporation, of those who are the real owners of the property, and to prevent a dissipation or perversion of the corporate assets (Matter of Minister, Elders & Deacons of Reformed Dutch Church of Saugerties, 16 Barb. 237, 241; Congregation Beth Elohim v. Central Presbyt. Church, 10 Abb. Prac. [N. S.] 484). And it is plain that, on the present submission, I cannot come to an adequate determination — as I recognize I must if the statutory mandates and nuances are not to be completely ignored — with respect to a number of basic conclusions: Was it for the best interest of the corporation to sell? What were the reasons for the disposition of the property? Did the corporation have sufficient assets, or was it insolvent at the time of the transfer? Was the consideration adequate? How were the proceeds used? Other inquiries may come to mind.
It is obvious that I cannot act upon this application as is. There must be a hearing on the matter, so that appropriate proof may be presented and explanation given. Accordingly, inquiry will be made by an official referee, who will hear and report with his recommendations. Order signed.