M. Henry Mabtus cello, J.
Petitioner is the grantee of a deed executed and delivered to him by respondent, a religious corporation, without approval therefor being obtained from this court; and he now applies for an order confirming such conveyance.
Subdivision 1 of section 12 of the Religious Corporations Law provides that a religious corporation shall not sell any of its real property without applying for and obtaining leave of the court therefor pursuant to article 5 of the General Corporation Law. Section 50 of article 5 of the latter statute prescribes the contents of a petition to the court for obtaining such leave and requires, among other things, that same set forth ‘ ‘ 4. That the interests of the corporation will be promoted by the sale * * * of the real property specified, and a concise statement of the reasons therefor”; and “5. That such sale * * * has been authorized by a vote of at least two-t.hirds of its directors, at a meeting, duly called and held, and [that] a copy of the resolution granting such authority [be presented to the court]
The deed in question affects property at 543 Gates Avenue, Brooklyn, New York, formerly used by respondent as a church. On April 11, 1957, as appears from a copy of a certificate of respondent’s secretary, affixed to the moving papers herein, its members duly passed a motion authoriziug Rev. Claude Storey, as trustee of the church, to ‘ ‘ negotiate, contract and effect the sale and/or exchange of the property known as 543 Gates Avenue, Brooklyn, New York, for the exclusive purpose of acquiring for the corporation the property known as * * * 175 Hart Street, Brooklyn, New York [owned by petitioner] as *963 per the terms and agreements included in the contract of sale to be signed on April 12, 1957 between Sam Margolin and the Mount Zion Pentecostal Holy Church, Inc., Claude Storey, Trustee.”
On April 12,1957 respondent, acting through Rev. Storey, as trustee, thereof, entered into a contract with petitioner, whereby it agreed to purchase from him the aforesaid Hart Street premises for $32,500, payable by executing and delivering to said seller a deed of its Gates Avenue property in lieu of a cash down payment of $3,500, which amount was the agreed value of its property, and by talcing title to the Hart Street property subject to a first mortgage of $18,500 and by executing a bond and purchase-money mortgage for the remainder due on said purchase price. On June 4,1957 the terms of said contract were carried out and the parties exchanged deeds and thereupon took possession of their respective properties and have retained same ever since. Although both parties were represented by counsel during the negotiations aforesaid, no order was ever obtained from this court approving the sale of the Gates Avenue property.
A conveyance of real property owned by a religious corporation without leave of the court is invalid (Muck v. Hitchcock, 149 App. Div. 323, 328). However, subdivision 9 of section 12 of the Religious Corporations Law, so far as is pertinent hereto, provides that if real property of a religious corporation has been sold without the authority of a court of competent jurisdiction, “the court may, thereafter, upon the application of the corporation, or of the grantee * * * confirm said previously executed conveyance * * * and order and direct the execution and delivery of a confirmatory deed ’ ’.
Petitioner makes this application pursuant to said subdivision 9. To obtain the relief thereby permitted requires the presentation of a petition in compliance with the afore-mentioned section 50 of the General Corporation Law (Matter of Barusek, 1 Misc 2d 950).
The petition here does not comply with said section 50 in that the above-mentioned “ Secretary’s Certificate ” does not satisfy the requirement of showing that the sale was authorized by a vote of at least two-thirds of the board of directors. Moreover, it fails to state and show, as is required, that the interests of the corporation will be promoted by the sale.
In fact, respondent opposes this application on the ground that the granting of the relief sought will not promote its interests since by its sale it disposed of property which was free and clear of encumbrances and took in exchange therefor, *964 property not only burdened with two mortgages totalling $29,000, but also unusable as a church since there is no certificate of occupancy permitting its use for religious purposes.
Respondent is a small church with about 100 members and it appears that the principal reason for its disposal of the Gates Avenue property was that the Housing and Buildings Department placed a violation against same since it was being used as a church without a certificate of occupancy therefor. In the contract of sale the respondent had the option and ‘ ‘ right to cancel this contract ” in the absence of a certificate of occupancy permitting the use of the Hart Street premises for religious purposes. Under the circumstances I find that the execution and delivery of the deed in question did not promote the interests of the respondent. The application, for the reasons above stated, is denied and the petition is dismissed. In its opposing affidavit, respondent sought affirmative relief. Same cannot be granted on this application, but must be obtained through the institution of a plenary suit.
Settle order on notice.