Walter R. Hart, J.
Plaintiff Wilson in the first cause of action, purports to allege a cause of action for specific performance wherein he asks the court to direct defendant, a religious corporation, to convey title to premises pursuant to a contract allegedly entered into between himself and the church. Defendant moves to dismiss this cause of action for insufficiency (Rules Civ. Prac., rule 106) and on the ground of res judicata (rule 107). The prior judgment between the parties did not involve the validity of the alleged contract of sale and, therefore, there is no estoppel by judgment.
The first cause of action, which upon the argument appeared to state facts sufficient to constitute a cause of action, on closer examination appears to be clearly insufficient. By section 12 of the Religious Corporations Law, it is provided: “ 1. A religious corporation shall not sell, mortgage or lease for a term exceeding five years any of its real property without applying for and obtaining leave of the court therefor pursuant to the provisions of article five of the general corporation law ’ ’.
The complaint fails to allege that leave was obtained from the court for the sale of the subject premises by the defendant corporation. There appears to be authority to sustain plaintiff’s position that a prior authorization by the court is not indispensable to the maintenance of the instant action. In dictum the Appellate Division, Fourth Department, in Muck v. Hitchcock (149 App. Div. 323, 328-329 [revd. on other grounds 212 N. Y. 283]) held that despite the absence of prior authorization by the court, in an action to compel specific performance a court of equity ‘ ‘ has ample power to inquire into the fairness of the contract and as to its advantage or disadvantage to the religious corporation, and to approve the proposed conveyance and direct it to be made where, upon all the facts, no valid reason appears for excusing such relief. ”
Assuming the dictum above set forth is applicable, yet the safeguards established by the Legislature for the protection of church property reflected by the requirements set forth in article 5 of the General Corporation Law must be observed.
A complaint, therefore, in an action for specific performance of a contract for the sale of church property where no prior approval thereof has been obtained from the court, must set forth the essential facts which are required to be stated in *671 the verified petition as provided for by section 50 of the General Corporation Law, i.e.,
“ 1. The name of the corporation and of its directors and principal officers, their places of residence and the law under or by which it was incorporated.
“ 2. The business of the corporation.
“3. -A description, with reasonable certainty, of the real property to be sold, mortgaged or leased.
‘ ‘ 4. That the interests of the corporation will be promoted by the sale, mortgage or lease, of the real property specified, and a concise statement of the reasons therefor.
“ 5. That such sale, mortgage or lease has been authorized by a vote of at least two-thirds of its directors, at a meeting, duly called and held, and a copy of the resolution granting such authority.
“ 6. Th'e fair market value of its other real and personal property, and the amount of its debts and liabilities, and how secured.
“ 7. The disposition proposed to be made of the moneys realized from such sale, mortgage or lease.
‘ ‘ 8. Where the consent of the members of the corporation is required by law, that such consent has been given, and there shall be annexed a copy of such consent, if in writing, or of a resolution giving such consent, adopted at a meeting of the members, with a statement of the vote thereon. ”
The complaint here considered fails to state facts which meet the requirements above set forth. Accordingly, the motion to dismiss for insufficiency is granted with leave to replead. Plaintiff if so advised may also alternatively plead a separate cause of action predicated on the theory of unjust enrichment.
The second and third alleged causes of action in favor of plaintiff Wilson are dismissed on the ground of res judicata.
The fourth cause of action alleged to be in favor of plaintiff Ebenezer Baptist Church, Inc., against itself as defendant, is dismissed. An action may not be maintained by a party against itself. Title of the action is to be amended so as to strike the Ebenezer Baptist Church, Inc., as a. party plaintiff.
Settle order on notice.