Walter E. Hart, J.
The court heretofore dismissed plaintiff’s complaint on motion (17 Misc 2d 669). With respect to the first cause of action for specific performance plaintiff was given leave to replead and also was given leave to plead a cause of action based on unjust enrichment if so advised.
Defendant presently moves to dismiss the amended complaint on the following grounds:
(1) That there is another action pending;
(2) That the amended complaint does not state facts sufficient to constitute a cause of action;
(3) That the action is barred by the Statute of Limitations.
There is no merit to defendant’s contention that another action is pending. The defendant’s argument that the service of the amended complaint prior to the entry of the order dis-' missing the original complaint constitutes the commencement of an action is without legal basis. An action may be commenced only by the issuance or service of process.
As to the sufficiency of the amended complaint:
I. In the first cause of action plaintiff seeks judgment directing defendant, a religious corporation, to convey title to premises pursuant to an agreement allegedly entered into between himself and the church. This cause of action, which appeared in the original complaint, was dismissed since it failed to allege that the corporation had received prior authorization from the Supreme Court to contract for the sale by defendant of its real property as required by section 12 of the Eeligious Corporations Law and section 50 of the General Corporation Law. The court, relying on dictum appearing in the case of Muck v. Hitchcock (149 App. Div. 323) granted leave to the plaintiff to replead so as to set forth the facts essential to a proper petition as required by section 50- of the General Corporation Law to enable the court to determine whether the safeguards established by the Legislature for the protection of church property had been observed. The cause of action for specific performance, as set forth in the amended complaint, purports to show that the interests of the church would have been promoted by the sale of the property as of the time the contract had been entered into in August, 1948. There are *609 no factual allegations with respect to the circumstances, affairs, etc., presently prevailing. It is the opinion of the court that the facts which are required by section 50 of the General Corporation Law to be set forth in the petition of necessity must be those existing at the time of the presentment of the petition.
The court in granting leave to replead on the prior motion was influenced by the dictum in Much v. Hitchcock (supra). On further reflection, the court concludes that it fell into error by relying on the language of that case as authority. Section 12 of the Religious Corporations Law in clear, unequivocal language provides by subdivision 1: “A religious corporation shall .not sell or mortgage any of its real property without applying for and obtaining leave of the court therefor pursuant to the provisions of article five of the general corporation law. ’ ’
Failure to comply with this statute renders the sale a nullity. It has been held that where title was conveyed without first procuring leave of the court the religious corporation may sue in ejectment to regain possession. (Associate Presbyt. Congregation v. Hanna, 113 App. Div. 12.) The only exception provided for the requirement of prior court approval is found in subdivision 9 of section 12 of the Religious Corporations Law which provides that where the sale has been consummated, the court upon application of the corporation or the grantee may in its discretion confirm the sale and direct the execution of a confirmatory deed.
In the case of Muck v. Hitchcock (149 App. Div. 323, supra) an action for specific performance was brought against a church to compel the conveyance of property which defendant had agreed to sell pursuant to a written contract. The Appellate Division there held that the trial court erred in holding that specific performance could not be directed against a religious corporation where no order had been obtained prior to the execution of the contract. The Appellate Division, however, did not direct specific performance but ordered that the defendant return to the plaintiff the consideration paid under the contract. Thereafter, the Court of Appeals reversed the Appellate Division (212 N. Y. 283) solely on the ground that the Religious Corporations Law did not apply to a foreign religious corporation. Clearly, the language employed by the Appellate Division in that case was dictum, and there is no appellate authority sanctioning specific performance against the will of the corporation.
• The Legislature has interdicted the sale of real property of a religious corporation except upon order of the court based *610 on a specific petition verified by its trustees. There is no provision which authorizes the court in any circumstance to bypass the submission of this petition and to grant specific performance contrary to the determination by the trustees that it would be against the best interests of the church to convey title.
In Matter of the Reformed Dutch Church in Saugerties (16 Barb. 237) the court stated (pp. 241-242): “ At the common law any corporation aggregate had unlimited power over its property. There was no restraint upon its right to alienate. But, by the act for the incorporation of religious societies, (3 R. S. 244, § 11,) such alienation can only be made upon an order of the chancellor. It was deemed necessary, for the protection of those who are the real owners of such property, to require the sanction of that officer, before the corporation could make a valid conveyance. But the chancellor could only ratify or veto the sale. He had no power to direct or require the corporation to sell against its own will. This court, therefore, being now vested with the power of the chancellor, has no right to control the petitioners in the disposition of their property. It may, for sufficient reasons, withhold its assent to a sale, and thus compel the corporation to retain the property. This is the extent of its power.”
Plaintiff will therefore not be permitted to replead the first cause of action.
II. The motion, insofar as it seeks to dismiss the second cause of action, predicated on the theory of unjust enrichment, is denied. The allegations in the first cause of action, which are incorporated by reference into the second cause of action, insofar as they are material and necessary to the sufficiency of this cause of action, are to be deemed to survive the dismissal of the cause of action. Since the corporation seeks to repudiate the contract, the plaintiff is entitled to recover the moneys expended by him in reliance thereon. (Madison Ave. Baptist Church v. Oliver St. Baptist Church, 73 N. Y. 82.)
The motion, insofar as it seeks to dismiss the second cause of action on the grounds of the Statute of Limitations, is denied. The complaint fails to state during what period of time the moneys are claimed to have been expended. Some of the moneys may have been expended within the past few years. The court is unable to determine from the papers whether recovery of any of the sums expended is outlawed. Defendant is granted leave pursuant to rule 108 of the Rules of Civil Practice to allege the facts with respect to the defense of Statute of Limitations in its answer, which shall be served within 10 days after the service *611 of a copy of the order to be entered herein, with notice of entry thereof.
In view of the fact that issue has not been joined, and that the court is granting defendant’s motion to strike the case from the calendar, plaintiff’s motion for a preference in the trial of the action is denied.
Settle order on notice.