Chief Judge Cooke
(concurring). I concur in the result, said accord being reached on -the narrow ground that section 12 of the Religious Corporations Law confers no power upon the courts to consider approval of the transaction at issue.
By statute, a religious corporation may not “sell * * * any of its real property without applying for and obtaining leave of court” (Religious Corporations Law, § 12, subd 1). Since a sale occurs when a contract of sale is made (e.g., Fries v Merck, 167 NY 445, 449-451; Madison Ave. Baptist Church v Baptist Church in Oliver St., 46 NY 131, 139-141), court approval is required before the contract becomes binding. As an exception to this rule the statute permits the court to confirm a conveyance after the sale has been made and the conveyance “executed and delivered” (Religious Corporations Law, § 12, subd 9 [emphasis added]). Here, prior approval of the sale had not been obtained and no conveyance has been executed and delivered. Thus, the courts have no statutory power to approve or disapprove the transaction.
Moreover, approval of the sale pursuant to subdivision 1 of section 12 may only be obtained by petition of the religious corporation itself (see Not-For-Profit Corporation Law, § 511; Wilson v Ebenezer Baptist Church, 17 Misc 2d 607, 609-610), except that the grantee may seek to “confirm” once the conveyance has been executed and delivered (Religious Corporations Law, § 12, subd 9). An obvious purpose of this statutory scheme is to prevent a forced conveyance of the religious corporation’s real property at the behest of the vendee (see Wilson v Ebenezer Baptist Church, supra). Inasmuch as the religious corporation here has not sought leave to sell its property, but rather this action was initiated by the vendee, the court may not even consider approval or disapproval of the sale.
*746 For these reasons, the alleged contract between the parties could have no legal effect. On this view of the case, it is unnecessary to consider whether, under the general principles of contract law, .the parties actually entered into a contract of sale.
Accordingly, the order of the Appellate Division should be affirmed.
Judges Jasen, Jones, Wachtler and Fuchsberg concur; Chief Judge Cooke concurs in result in a concurring opinion in which Judges Gabrielli and Meyer concur.
Order affirmed, with costs, in a memorandum.