(113 App. Div. 12)

ASSOCIATE PRESBYTERIAN CONGREGATION OF HEBRON v. HANNA.

(Supreme Court, Appellate Division, Third Department.　May 2, 1906.)

1. APPEAL—HARMLESS ERROR—ERROR IN SELECTING JURY. ·
　　Where no question of fact for the determination of the jury arose on a trial, objections to the formation of the jury will not be considered.

　　[Ed. Note.—For cases in point, see vol. 3, Cent. Dig. Appeal and Error, § 4124.]

2. CORPORATIONS—ACTION BY—PARTIES—MISNOMER—WAIVER OF DEFECT.
　　An answer in an action by a corporation for the recovery of real estate, which alleges that the correct name of the corporation is the name given in a deed by which land, including the land in question, was conveyed to it, does not raise the question of misnomer within Code Civ. Proc. § 1777, providing that, in an action by a corporation, defendant is deemed to have waived a mistake in the statement of the corporate name, unless the misnomer is pleaded in the answer.

3. RELIGIOUS SOCIETIES—PROPERTY—CONVEYANCE—LEAVE OF COURT.
　　Code Civ. Proc. §§ 3391, 3393, providing that in a proceeding by a corporation required by law to make application to the court for leave to sell its real estate, the petition shall set forth that the interests of the corporation will be promoted by a sale together with a statement of the reasons therefor, and if it shall appear to the satisfaction of the court that the interests of the corporation will be promoted thereby an order may be granted authorizing the sale, only authorizes the sale of the real estate of a religious corporation prohibited by the religious corporations law (Laws 1895, p. 277, c. 723, § 11, as amended by Laws 1896, p. 277, c. 336, Laws 1901, p. 527, c. 222) from selling its real estate without obtaining leave of court therefor, pursuant to the provisions of the Code, when the interests of the corporation will be promoted by a sale.

4. SAME—RECOVERY OF PROPERTY.
　　A religious corporation conveyed its real estate without obtaining leave of court as required by the religious corporations law (Laws 1895, p. 483, c. 723, § 11, as amended by Laws 1896, p. 277, c. 336; Laws 1901, p. 527, c. 222). The purchaser paid the purchase price, and took possession of the premises. Held, that the court was authorized to adjudge that the conveyance was invalid.

5. SAME—JUDGMENT—FORM.
　　A religious corporation, conveying its real estate without obtaining leave of court as required by the religious corporations law (Laws 1895,

p. 483, c. 723, § 11, as amended by Laws 1896, p. 277, c. 336; Laws 1901, p. 527, c. 222), brought an action for the recovery of the premises and for the cancellation of the record of the deed. *Held*, that a provision in the judgment adjudging the deed void, and directing the cancellation of the record thereof, was not prejudicial to defendant, especially where the court directed that the consideration of the deed be restored to defendant by offsetting the same against the costs of the action, which consideration the trustees of the religious corporation had improperly received from defendant.

Appeal from Trial Term, Washington County.

Action by the Associate Presbyterian Congregation of Hebron against Charles S. Hanna. From a judgment for plaintiff, and from an order denying a motion to set aside the verdict, and for a new trial, defendant appeals. Affirmed.

Argued before PARKER, P. J., and SMITH, CHESTER, KELLOGG, and COCHRANE, JJ.

D. M. Westfall, for appellant.
Frank C. Brown, for respondent.

COCHRANE, J. On the 28th day of February 1903, the trustees of a religious corporation incorporated under the name of "The Trustees of the Associate Presbyterian Congregation of Hebron," executed to the defendant a deed purporting to convey to him real estate of said corporation. The consideration for such conveyance was paid by the defendant to the said trustees and by them applied to the purposes of said corporation, and the defendant went into possession of the property described in said deed. It is alleged in the complaint, and not denied, that such consideration had been offered to be restored to the defendant. "A religious corporation shall not sell or mortgage any of its real property without applying for and obtaining leave of the court therefor pursuant to the provisions of the Code of Civil Procedure." Section 11, Religious Corporations Law, Laws 1895, p. 483, c. 723, as amended by Laws 1896, p. 277, c. 336; Laws 1900, p. 1220, c. 521; Laws 1901, p. 527, c. 222. This statutory provision was not complied with in this case. Said corporation brings this action under the name of "The Associate Presbyterian Congregation of Hebron." In its complaint it demands judgment both for the recovery of the possession of the premises described in said deed, and also for the cancellation of the record of said deed. Facts are alleged in the complaint consistent with both forms of relief demanded. At the trial defendant claimed that the action was for ejectment, and that he was entitled to a jury trial, and the court so held. But, at the conclusion of the evidence, no question of fact had developed and the court directed a verdict in favor of the plaintiff. The defendant indulges in some criticism as to the formation of the jury. But as no question arose for determination by the jury, such criticism is academic, and need not be considered.

The action was not instituted in the correct corporate name of the plaintiff. But it is provided by section 1777 of the Code of Civil Procedure that "the defendant is deemed to have waived any mistake in the statement of the corporate name unless the misnomer is pleaded in the answer." The answer in this case alleges on information and

belief that the plaintiff is not a corporation, and then alleges the correct corporate name of the plaintiff as being the true and correct name of the grantee to which the grantors of the corporation conveyed certain premises, of which the premises in question are a portion. The plaintiff proved its incorporation, and, in doing so, established the misnomer. But the question of such misnomer was not properly raised by the said allegation in the answer. This defense is technical, and if a defendant wishes to avail himself thereof he must raise the question by such an unequivocal allegation in his answer as will clearly apprise the plaintiff of the point raised so that the plaintiff may make the proper correction by amendment or otherwise. The answer fails to do this. This objection not having been properly raised, the defendant is deemed to have waived it.

The defendant insists that he has alleged certain facts in his answer as a counterclaim, and that as no reply was interposed such facts are admitted, and that they are of such a nature as to entitle him to equitable relief; that the court should now confirm or ratify the conveyance which the parties intended to make; or, in other words, should now grant its permission that the sale be made as it would have done had an application been made therefor as required by the religious corporation law, as above set forth; and thus carry out the intent of the parties, and do equity to the defendant, who is in possession of the property under the deed in question, and who has paid the consideration thereof. The difficulty with this argument is that assuming as true all the facts contained in the answer they fall far short of being sufficient to authorize the court to grant leave for the sale of the property in a proceeding instituted directly for such purpose as required by the statute; and a fortiori such facts are insufficient to authorize the court in this action to grant the desired relief. Sections 3391 and 3393 of the Code of Civil Procedure provide that in such a proceeding by a corporation for leave to sell its real estate a petition shall be presented setting forth among other things that the interests of the corporation will be promoted by such sale, and setting forth a concise statement of the reasons therefor, and a statement as to the financial condition of the corporation, and that if it shall then appear to the satisfaction of the court that the interests of the corporation will be promoted thereby an order may be granted authorizing the sale for such sum as the court may prescribe, and that the court shall make direction as to the disposition of the proceeds of such sale. It is only when the interests of a corporation will be thereby promoted that a sale of its real estate can be made; and there is no allegation or evidence in this case that this proposed sale would be beneficial to the corporation.

But it is further urged that as the defendant is in possession of the property under the deed in question, and that as the plaintiff is in possession of the purchase price thereof, that the plaintiff should be estopped from maintaining this action. The logic of this argument would in all cases nullify the statute requiring permission of the court to make such sale. All that the parties would have to do in any case would be to ignore the court and consummate the sale as between themselves, and then each party would be estopped from claiming

as against the other that the sale was invalid. Even if the plaintiff is estopped, the court is not estopped; and the court should not abdicate its right, and cannot disregard its duty to see that the real property of a religious corporation is not alienated unless the interests of such corporation will be thereby promoted.

The defendant also complains because the judgment contains equitable relief adjudging the deed null and void and directing the cancellation of the record thereof. Perhaps those provisions in the judgment are unnecessary. But they are in conformity with the allegations of the complaint, and the demand therein for judgment. And the defendant is in no way prejudiced thereby. The effect as to him would be precisely the same if they had been omitted from the judgment. Moreover, in connection with this equitable relief, the court directed that the consideration of the deed be restored to the defendant by offsetting the same against the costs of the action which consideration the trustees of the plaintiff had improperly received from the defendant.

No inference can be drawn in this action that the plaintiff is seeking to repudiate a contract which its officers had any power or authority to make or to which the court could give its approval. The objections of the defendant are unmeritorious. There is no error in the case prejudicial to the defendant or available to him.

The judgment and order should be affirmed, with costs. All concur.