Charles Margett, J.
Motion by defendant for summary judgment and cancellation of a lis penclens and to vacate plaintiff’s notice to examine defendant before trial.
In this action plaintiff seeks to compel defendant, a membership corporation, specifically to perform an alleged contract for the sale of a parcel of real property; to vacate or modify a prior order of this court authorizing the sale of said property (to one not a party to this action) so as to authorize and direct the sale of said property to plaintiff; to compel defendant to apply to this court for approval of said sale to plaintiff; and to recover damages for breach of contract.
In support of its motion defendant argues (1) that no valid contract of sale was made, (2) that there was lacking the required two-thirds’ authorization by defendant’s board of trustees, (3) that there was lacking the required Supreme Court approval, and (4) that no writing sufficient to satisfy the Statute of Frauds exists.
The court is of the opinion that this controversy cannot be disposed of summarily. Whether a valid contract of sale was made depends upon whether the required number of defendant’s trustees approved of the sale to plaintiff (General Corporation Law, § 50, subd. 5; Membership Corporations Law, § 21). This being a matter peculiarly within the knowledge of defendant, an opportunity should be given to plaintiff to inquire into it. The lack of prior Supreme Court approval would not seem to constitute a bar to this action. (See Muck v. Hitchcock, 149 App. Div. 323, 328-329, revd. on other grounds 212 N. Y. 283; Congregation Beth Elohim v. Central Presbyt. Church, 10 Abb. Pr. [N. S.] 484, 490.) And finally, in the opinion of this court, Mr. Kemp’s letter of December 16, 1958, Mr. Wigg’s reply thereto dated December 18, 1958, but apparently mailed the following day and the resolution of defendant’s board of trustees adopted at their meeting of December 18, 1958 and expressly adverted to in the postscript of Mr. Kemp’s letter, *655 when read together, constitute a memorandum sufficient to satisfy the Statute of Frauds. (Real Property Law, § 259; cf. Village of Lake George v. Town of Caldwell, 3 A D 2d 550, 553-554; Crabtree v. Elizabeth Arden Sales Corp., 305 N. Y. 48, 54-56.) That provision was made “ for the execution of a more formal writing would not prevent the plaintiff from obtaining specific performance notwithstanding that the more formal agreement was never executed” (Friedman v. Cardone, 67 N. Y. S. 2d 205, 207, per Froessel, J.).
It follows, therefore, that defendant’s motions must be denied. Plaintiff’s examination of defendant before trial, however, will in the first instance be limited to one or more of its officers or trustees as have knowledge of the facts and will be conducted at such times and places as will occasion them the least inconvenience.
In view of the disposition made of defendant’s motion for summary judgment, the parties’ attention is invited to the fact that Mr. Harrison N. Lax, vendee of the contract approved by this court, has not been made a party to this action, although he may well be indispensable thereto. (See Civ. Prac. Act, § 193; Rules Civ. Prac., rule 102, subd. 2; Carruthers v. Waite Min. Co., 306 N. Y. 136.)
Settle order.