OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed. Until and unless both leave of the court and appropriate denominational authorization have been obtained as re *744 quired by section 12 of the Religious Corporations Law, such a corporation may not sell any of its real property. While under that statute it cannot make a valid conveyance without judicial sanction, it is established that it may enter into a contract to sell conditioned upon obtaining court approval. Moreover, in an action for specific performance, a court of equity “has ample power to inquire into the fairness of the contract and as to its advantage or disadvantage to the religious corporation, and to approve the proposed conveyance and direct it to be made where, upon all the facts, no valid reason appears for refusing such relief” (Muck v Hitchcock, 149 App Div 323, 328-329, revd on other grounds 212 NY 283; Sun Assets Corp. v English Evangelical Lutheran Church, 19 Misc 2d 187, 192 [Martuscello, J.]; accord Bounding Home Corp. v Chapin Home for Aged & Infirm, 19 Misc 2d 653, 654 [Margett, J.]; Congregation Beth Elohim v Central Presbyt. Cong., 10 Abb Prac [NS] 484, 489; Bowen v Trustees of Irish Presbyt. Cong, in City of N. Y., 6 Bosw 245; but see Wilson v Ebenezer Baptist Church, 17 Misc 2d 607).
In the present case, the Appellate Division’s factual finding that the contemplated sale would not promote the purposes of the respondent religious corporation or the interests of the members of its congregation is supported by the weight of the evidence (Electrolux Corp. v Val-Worth, Inc., 6 NY2d 556, 563). Under the circumstances, we cannot say that judicial consent was not properly withheld (Wyatt v Benson, 4 Abb Prac 182, 189). It follows that the purported agreement would be invalid and did not entitle the plaintiff to either specific performance or monetary damages (Associate Presbyt. Cong, of Hebron v Hanna, 113 App Div 12,14; Sun Assets v English Evangelical Lutheran Church, 19 Misc 2d 187, 192, supra).
True, in most cases it would be preferable for the approval to have been sought in an independent proceeding instituted pursuant to section 511 of the Not-For-Profit Corporation Law, a matter, however, of no moment here since approval was not granted. For the same reason, it is now unnecessary for us to consider the propriety of a grant of permission in a proceeding such as the present *745 one in which all the requirements of section 511 would have been met.
Finally, it having been determined that judicial approval was properly refused, it becomes unnecessary for us to pass on whether, absent the requirement for such consent, the agreement between the parties would have constituted an enforceable contract.