SHULAMITH LEVOVITZ, Appellant, v YESHIVA BETH HENOCH, INC., Respondent. (Action No. 1.)

MYRIM SEREBROWSKI, Appellant, v YESHIVA BETH HENOCH, INC., Respondent. (Action No. 2.)

Second Department, November 17, 1986

### APPEARANCES OF COUNSEL

*Weil, Gotshal & Manges (Myron J. Meadow* of counsel), for appellants.

*Jacob D. Fuchsberg (Alan L. Fuchsberg* of counsel), for respondent.

### OPINION OF THE COURT

MANGANO, J. P.

In resolving the instant appeals, the crucial question that must be answered is whether an ex parte order of the Supreme Court, Kings County (Kooper, J.), dated November 24, 1980, which was made pursuant to Not-For-Profit Corporation Law § 511 and which authorized the sale of certain realty owned by a religious corporation pursuant to a contract dated September 29, 1980, was set aside in a proper procedural manner.

In our view, this question must be answered in the negative.

### THE FACTS

On September 29, 1980, a contract for the sale of a residential building located at 2080 77th Street, in Brooklyn, New York, was entered into between Yeshiva Beth Henoch, Inc. (hereinafter the Yeshiva), a religious corporation, as seller, and one Ruth Wilamowsky, as purchaser. The contract was signed on behalf of the Yeshiva by Mrs. Judith Potash who was, at that time, a trustee and the secretary-treasurer of the Yeshiva. The contract provided, *inter alia,* that (1) the sale had been approved by the board of trustees of the Yeshiva and (2) it was conditioned upon "the approval of the Supreme Court of the State of New York, County of Kings".

Thereafter, pursuant to the terms of the contract and as required by relevant statute (Religious Corporations Law § 12; Not-For-Profit Corporation Law § 511), Mrs. Potash petitioned the Supreme Court, Kings County, for approval of the sale. A petition of this nature must set forth, pursuant to the man-

date of the statute *(see,* Not-For-Profit Corporation Law § 511 [a]) that:

"7 * * * such sale * * * has been recommended or authorized by vote of the directors in accordance with law, at a meeting duly called and held, as shown in a schedule annexed to the petition setting forth a copy of the resolution granting such authority with a statement of the vote thereon.

"8. Where the consent of members of the corporation is required by law, that such consent has been given, as shown in a schedule annexed to the petition setting forth a copy of such consent, if in writing, or of a resolution giving such consent, adopted at a meeting of members duly called and held, with a statement of the vote thereon".[1]

The petition, which was submitted ex parte, resulted in an order of the Supreme Court, Kings County (Kooper, J.), dated November 24, 1980, approving the sale of the property to the purchaser Wilamowsky. The order stated, *inter alia,* that:

"Upon reading and filing the petition of YESHIVA BETH HENOCH INC. * * * a religious corporation, and the affidavit of RABBI HENOCH POTASH [Judith Potash's husband, and a trustee-member of the Yeshiva], from which it appears that * * * it would be for the best interests of the petitioner that the [Yeshiva's] real property be sold upon the terms and conditions set forth in [the] petition, and the contract * * * it is * * *

"ORDERED, ADJUDGED AND DECREED, that the petitioner be and it is hereby authorized to sell the property mentioned and described in the petition herein to RUTH WILAMOWSKY * * * and it is further

"ORDERED, ADJUDGED AND DECREED, that the said sale be consummated, and that the President and Secretary of the petitioner execute, acknowledge and deliver a deed conveying real property to * * * RUTH WILAMOWSKY".

Delivery of the deed, although ordered by the court, never took place.

Notwithstanding the representations made in the contract, and to the court in the petition for judicial approval of the sale, the remaining trustee-members of the Yeshiva asserted, some 2½ years later, that they had never voted to recommend

---

1. Consent of the membership of the Yeshiva to the sale was required *(see, Kroth v Congregation Chebra Ukadisha Bnai Israel Mikalwarie,* 105 Misc 2d 904). In this case, the trustees of the Yeshiva, also constituted the membership thereof.

or authorize the sale of the property, as required by Not-For-Profit Corporation Law § 511 (a) (7) and (8). Thereafter, these trustee-members, Mr. and Mrs. Potash, and the Yeshiva agreed to submit this particular dispute, i.e., whether the trustees and members of the Yeshiva had properly approved the sale of the property, to arbitration before a Beth Din, i.e., a rabbinical court. The contract vendee Wilamowsky was not made a party to the arbitration. After hearing arguments from the parties to the arbitration, the Beth Din rendered a decision on April 22, 1983, which declared, *inter alia,* that:

"3) Mrs. Judith Potash contracted to sell the premises 2080 77th Street, Brooklyn, N.Y. on behalf of Yeshiva Beth Henoch Inc. on September 29, 1980, to Mrs. Ruth Willamowsky *[sic]*, without the knowledge or consent of the trustees and members of the Yeshiva Beth Henoch Inc., with exception of Rabbi Henoch Potash.

"4) There was no meeting, nor even call for a meeting of the trustees and members prior to the signing of the said contract, nor was their approval obtained after the signing of the aforementioned contract.

"5) Therefore, the contract in re the transfer and sale of the aforementioned property located at 2080 77th Street, Brooklyn, New York is null and void, non existent and without any legal standing at all".

Thereafter, the prevailing parties at the arbitration hearing, i.e., the nonapproving trustee-members, moved to confirm the arbitration award of the Beth Din. The motion to confirm was made on notice to the Yeshiva and Mr. and Mrs. Potash, but the contract vendee was never given notice thereof.

Subsequently, a judgment of the Supreme Court, Kings County (Vaccaro, J.), dated July 27, 1983, was entered which, *inter alia,* (1) confirmed the award of the Beth Din dated April 22, 1983, (2) declared that "pursuant to the award of the Beth Din * * * neither a majority of the trustees nor a majority of the members of Yeshiva Beth Henoch, Inc. consented to the sale of the real property located at 2080 77th Street * * * prior to the signing of a contract for sale dated September 29, 1980, or after the signing of the contract", (3) declared that "pursuant to the award of the Beth Din * * * the contract of sale for the real property * * * owned by the Yeshiva Beth Henoch, Inc. is null and void, non-existent and without any legal standing at all", and (4) "set aside" the prior order of Special Term (Kooper, J.), dated November 24, 1980, which

had authorized the sale of the premises pursuant to the terms of the contract of sale dated September 29, 1980.

Thereafter, following a meeting of its members and trustees, the Yeshiva entered into a second contract to sell the premises known as 2080 77th Street, this time to Verrazano Holding Corp. Pursuant to Not-For-Profit Corporation Law § 511 an order was made in the Supreme Court, Kings County (Pizzuto, J.), on October 5, 1983, authorizing the sale, and a deed was executed on October 31, 1983. The deed was recorded on February 27, 1984.

In the interim, the first contract vendee, Wilamowsky, assigned her rights under the September 29, 1980 contract to one of the plaintiffs herein, Myrim Serebrowski, on January 31, 1984. Serebrowski commenced an action against Yeshiva for specific performance of the September 29, 1980 contract on or about February 6, 1984,[2] and filed therewith a lis pendens on the property.

On March 5, 1984, Serebrowski reassigned her interest under the September 29, 1980 contract to Shulamith Levovitz. Levovitz also commenced a separate action against the Yeshiva for specific performance of the September 29, 1980 contract, and filed a lis pendens on the property.[3]

Thereafter, the defendant Yeshiva moved for an order pursuant to CPLR 3211 (a) (1), (3) and (7) dismissing the two complaints for specific performance.

In support of the motion, the attorney for the defendant Yeshiva submitted an affirmation arguing that: "Basically, the complaints must be dismissed because the proposed sale by the Yeshiva, a religious organization, was conditioned by its own terms and by law upon the approval of this Court. The Court has, for good cause, disapproved the sale by order entered July 28, 1983 (Vaccaro, J.)."

The affirmation of Abraham Mandel, one of the member-trustees who allegedly had not approved of the September 29, 1980 contract of sale, was also submitted in support of the motion, stating, in relevant part, that:

---

**2.** The original contract vendee, Wilamowsky, sought to intervene in the Serebrowski action, alleging that her assignment was fraudulently obtained. That motion was apparently granted on September 4, 1984.

**3.** Counsel for plaintiffs stated in an affirmation that the commencement of the new action under the name Shulamith Levovitz was inadvertent, and that the plaintiffs intended to amend the Serebrowski caption to add Levovitz (as a plaintiff presumably) in that first specific performance action.

"4. Upon hearing of the contract's existence, the trustees repudiated its validity and demanded arbitration before a rabbinical tribunal, commonly known as a 'Beth Din'. The Beth Din determined that, indeed, there had never been any special meeting of the trustees to approve the contract.

"5. The trustees applied to this Court to confirm the award of the Beth Din and to set aside the sale, which it did on July 28, 1983. *[sic,* July 27, 1983].

"6. By said order *[sic,* judgment] of July 28, 1983 *[sic]*, it was decreed, *inter alia,* that the contract of sale of the property was 'null and void, non-existent and without any legal standing at all' ".

In opposition to the motion to dismiss, counsel for both plaintiffs argued, *inter alia,* that the arbitration award of the Beth Din as confirmed by the judgment of the Supreme Court, Kings County (Vaccaro, J.), dated July 27, 1983, could not serve as a basis for overruling the prior order of the same court (Kooper, J.), dated November 24, 1980, approving the sale of the subject realty pursuant to the September 29, 1980 contract, since the original contract vendee, Wilamowsky, was not a party to the arbitration before the Beth Din and never received notice of the motion to confirm the award of the Beth Din.

By order dated September 7, 1984, Special Term (Vaccaro, J.) granted the defendant's motion to dismiss the complaints for specific performance. After reviewing the factual background of the instant controversy, it held as follows:

"it would appear that plaintiffs are attempting to circumvent the prior order of this court by way of collateral attack which is not permissible pursuant to § 511, subd. (b) of the Not-For-Profit Corporation Law which provides that only members, officers or creditors of the corporation may appear at the hearing on a petition to convey, and then only to show cause why the application should not be granted. Thus, it would seem that plaintiffs lack standing or capacity to sue in the present actions.

"Apart therefrom, however, paragraph twenty-fifth of the contract of sale sets forth an express provision of the parties, namely that: 'This sale is conditioned upon obtaining the approval of the Supreme Court of the State of New York, County of Kings'. Inasmuch as this condition reflects a statutory requirement that conveyances by a religious corporation require judicial approval pursuant to the Religious Corpora-

tions Law § 12, it is clearly a condition precedent to performance. Stated differently, satisfaction of a condition precedent is necessary notwithstanding the fulfillment of every other obligation of the contract (see *Hershey v Carter,* 137 NYS 2d 207). Under the circumstances the court is of the opinion that the contract of sale never came into existence for the reason that there was a failure to fulfill the aforesaid express condition precedent.

"Even if it were to be assumed that the contract which plaintiffs are seeking specific performance of was not void by its own terms as well as by the order of this court, the remedy of specific performance is inappropriate and relief will not be granted in instances where it is contrary to the best interests of the Religious Corporation as determined by the trustees or whether the court determines, as in the instant matter, that the contract was not prudent at the time it was entered into (see *Wilson v Ebenezer Baptist Church, Inc.,* 187 NYS 2d, 861; *Church of God of Prospect Plaza v Fourth Church of Christ, Scientist, of Brooklyn,* 76 AD2d 712, 431 NYS2d 834, aff'd., 54 NY2d 742, 442 NYS 2d, 986)."

Thereafter, a motion by the plaintiff Levovitz for renewal and reargument was denied by order of the Supreme Court, Kings County (Krausman, J.), dated January 18, 1985.

### THE LAW

Religious Corporations Law § 12 (1) provides that in order to sell any of its real property a religious corporation must apply for, and obtain, leave of court pursuant to Not-For-Profit Corporation Law § 511. The late Justice Vincent Damiani, speaking for this court, stated in *Church of God of Prospect Plaza v Fourth Church of Christ, Scientist* (76 AD2d 712, 716, *affd* 54 NY2d 742, *supra)* that: "The purpose of this requirement is to protect the members of the religious corporation, the real parties in interest, from loss through unwise bargains and from perversion of the use of the property".

Not-For-Profit Corporation Law § 511 (a) (7) and (8) provide that a petition seeking court approval for the sale must set forth that the trustees of the religious corporation, and, if necessary, the members thereof, have validly authorized and consented, respectively, to such a sale. In addition, Not-For-Profit Corporation Law § 511 (d) provides that the court may authorize the sale if it appears to the court's satisfaction that "the consideration and the terms of the transaction are fair

and reasonable to the corporation and that the purposes of the corporation or the interests of the members will be promoted".

In the instant case, a judicial order approving the sale of the subject realty from the defendant to Wilamowsky pursuant to the contract dated September 29, 1980, was signed by Special Term (Kooper, J.) on November 24, 1980. This order was proper on its face, and was based on a petition which otherwise complied with the requirements of Not-For-Profit Corporation Law § 511. Those trustees who subsequently denied that they had voted to authorize the sale of the property pursuant to the contract dated September 29, 1980, chose, in the case at bar, to attack the order of Special Term (Kooper, J.), dated November 24, 1980, by arbitration, as agreed to by the petitioning trustees, before a rabbinical court known as a Beth Din. Both sides thereafter appeared before the rabbinical court, without notice to the contract vendee.

The resulting arbitration award of the Beth Din, dated April 22, 1983, found that there had not been a proper vote by the trustees authorizing the sale, and thereupon voided the September 29, 1980 contract. Assuming, without deciding, that the rabbinical court was competent to decide whether the trustees had authorized the sale by a proper vote *(but see, Wyatt v Benson,* 4 App Prac 182, 190), it is beyond cavil that its finding on this issue could not bind the contract vendee without her being a party to the arbitration, since she never had a "full and fair opportunity" to litigate this issue before the rabbinical court *(see, Schwartz v Public Administrator of County of Bronx,* 24 NY2d 65, 71; *cf. Matter of American Ins. Co. [Messinger—Aetna Cas. & Sur. Co.],* 43 NY2d 184, 192; *Liss v Trans Auto Sys.,* 68 NY2d 15; *Wyatt v Benson, supra;* 23 Carmody-Wait 2d, NY Prac § 141:153, at 82). It is a fundamental legal principle that an individual may not be deprived of property without due process of law, which requires that one be accorded notice and an opportunity to be heard. Instead of choosing arbitration to vindicate their rights, those trustees who denied that they had voted to authorize the 1980 sale should have sought an independent determination by the court on this issue, i.e., they should have moved, on notice both to the trustees who originally submitted the petition to the court and to the contract vendee Wilamowsky (CPLR 1001 [a]; *Bounding Home Corp. v Chapin Home for Aged & Infirm,* 19 Misc 2d 653) for an order vacating the ex parte order of Special Term (Kooper, J.), dated November 24, 1980, on the ground that the representation in the petition concerning the

alleged consent of the trustee-members to the 1980 sale, was untrue and constituted a fraud on the court (CPLR 2221; *cf. Wyatt v Benson, supra).*

Since there appears to be a legitimate question as to whether the trustees of the Yeshiva validly voted to authorize the sale of the subject realty pursuant to the contract dated September 29, 1980, the order appealed from dated September 7, 1984, should be reversed and the matter remitted to the Supreme Court, Kings County, for a trial, after the joinder by the plaintiffs of Verrazano Holding Corporation and the original contract vendee Wilamowsky as parties to the action, to determine said question. At said trial, there will be no need to litigate the question of whether "the consideration and the terms of the transaction are fair and reasonable to the corporation and that the purposes of the corporation or the interests of the members will be promoted" (Not-For-Profit Corporation Law § 511 [d]). Clearly, this question is a crucial one. As Justice Damiani stated in *Church of God of Prospect Plaza v Fourth Church of Christ, Scientist* (76 AD2d 712, 717, *supra):* "It thus appears that the Legislature intended the test to have two prongs. First, the court must determine that the terms and consideration of the transaction were not unwise. In assessing the prudence of the bargain, it is our view that the court should look to the conditions prevailing at the time it was struck. Measured in that light, we agree with the Referee that the contract between plaintiff and defendant was fair and reasonable when made. However, the second prong of the test requires the court to determine that the sale would benefit the corporation or that the best interests of its members would be promoted thereby. We hold that in applying this second prong of the test the court may consider whether corporate purposes would have been served or the best interests of the membership promoted at the time the contract was made, but it should be guided primarily by whether those ends would be realized in light of conditions prevailing at the time the issue is presented to the court". However, this question was answered in the affirmative by Special Term (Kooper, J.) in the order dated November 24, 1980, which was made pursuant to Not-For-Profit Corporation Law § 511 (d). That finding has never been challenged and, accordingly, it need not be relitigated.

If, upon remittal, it is determined that the trustees of the Yeshiva did not validly authorize the sale of the subject realty pursuant to the contract dated September 29, 1980, then an

appropriate judgment should be entered dismissing the complaints for specific performance, and the judgment of Special Term (Vaccaro, J.), dated July 27, 1983, which, *inter alia,* set aside the order of Special Term (Kooper, J.), dated November 24, 1980, and the order of Special Term (Pizzuto, J.), dated October 5, 1983, may stand.

If, on the other hand, it is determined upon remittal that the trustee-members of the Yeshiva did authorize the sale of the subject realty pursuant to the contract dated September 29, 1980, then an appropriate judgment should be entered (1) vacating the judgment of Special Term (Vaccaro, J.), dated July 27, 1983, and reinstating the order of Special Term (Kooper, J.), dated November 24, 1980, (2) vacating the order of Special Term (Pizzuto, J.), dated October 5, 1983, and (3) granting specific performance to either plaintiff Levovitz or Wilamowsky, depending on a resolution of the dispute regarding the assignment from Wilamowsky to Serebrowski, and directing Verrazano Holding Corp. to convey a proper deed to the subject realty.[4]

Accordingly, the order appealed from dated September 7, 1984, should be reversed, on the law, and the matter remitted to the Supreme Court, Kings County, for further proceedings in accordance herewith. The appeal from the order dated January 18, 1985, should be dismissed as academic in light of the determination of the appeal from the order dated September 7, 1984.

BROWN, WEINSTEIN and SPATT, JJ., concur.

Ordered that the order of the Supreme Court, Kings County, dated September 7, 1984, is reversed, on the law, without costs or disbursements, and the matter is remitted to the Supreme Court, Kings County, for further proceedings in accordance with the opinion herewith; and it is further

Ordered that the appeal from an order of the same court, dated January 18, 1985, is dismissed, without costs or disbursements, as academic in light of the determination of the appeal from the order dated September 7, 1984.

---

4. Specific performance, rather than damages, would be the proper remedy to be afforded to either plaintiff Levovitz or Wilamowsky, since Verrazano Holding Corp. recorded its deed after Wilamowsky's assignee, Serebrowski, filed a lis pendens on the property *(see, Goldstein v Gold,* 106 AD2d 100, *affd* 66 NY2d 624).