■ In the Matter of AGUDIST COUNCIL OF GREATER NEW YORK, Respondent, v IMPERIAL SALES COMPANY, Appellant.—

In light of the petitioner's valid certificate of incorporation which indicates that its purposes are to provide religious services and services to senior citizens, the Supreme Court properly determined that the petitioner is a religious corporation and properly disregarded the appellant's claims to the contrary *(see, Harosym v St. John's Greek Catholic Church,* 239 App Div 563, 564).

Contrary to the appellant's claim, the prior arbitration proceeding before a rabbinical panel and the subsequent proceedings seeking to confirm the arbitration award did not address the issue of whether the proposed sale of the petitioner's real property met the requirements of the Religious Corporations Law or the Not-For-Profit Corporation Law *(see, Kilstein v Agudath Council,* 133 AD2d 809). Moreover, those provisions expressly make authorization by the Supreme Court or the County Court a condition precedent to the sale of real property. The appellant could not obtain such authorization from the rabbinical panel *(see,* Religious Corporations Law § 12; Not-For-Profit Corporation Law §§ 510, 511; *Church of God v Fourth Church of Christ, Scientist,* 76 AD2d 712, 717, *affd* 54 NY2d 742; *see also, Levovitz v Yeshiva Beth Henoch,* 120 AD2d 289, 296-297). As a result, the appellant failed to satisfy its burden of demonstrating an identity of issues in the present and prior proceedings warranting application of the doctrine of res judicata *(see, Kaufman v Lilly & Co.,* 65 NY2d 449, 456; *Ryan v New York Tel. Co.,* 62 NY2d 494, 499-502).

It is clear from the record that a conveyance of the property housing the petitioner's senior citizen center would be highly detrimental to the petitioner's corporate purpose *(see, Church*

*of God v Fourth Church of Christ, Scientist, supra,* at 717). The petitioner's certificate of incorporation expressly states that one of its corporate purposes is to conduct activities for senior citizens. The petitioner clearly demonstrated that despite initial assurances by a third party that relocation of the senior citizen's center was possible, and despite concerted investigations of alternative sites, no suitable alternative site could be found to house the center, and dissolution would result if the contract between the parties was specifically enforced. Thus, the Supreme Court properly determined that the sale of the property would not benefit the corporation and disapproved the sale (Not-For-Profit Corporation Law § 511; *Church of God v Fourth Church of Christ, Scientist, supra,* at 717).

We have considered the parties' remaining contentions and find them to be without merit. Lawrence, J. P., Rubin, Sullivan and Balletta, JJ., concur.