■ 6 HANCOCK PLACE, INC., Appellant, v BETHELITE COMMUNITY BAPTIST CHURCH, INC., et al., Respondents. [670 NYS2d 94] —Order, Supreme Court, New York County (Carol Arber, J.), entered on or about November 19, 1996, which, in an action for specific performance of a contract for the sale of realty, denied plaintiff buyer's motion for a preliminary injunction enjoining defendant seller from conveying the subject property, unanimously affirmed, without costs.

We think it pertinent to the equities that although this time-of-the-essence contract did not contain a financing contingency, plaintiff twice asked defendant for adjournments in order to

obtain financing. While it is clear that consideration was given and accepted for these adjournments, the terms of the second, disputed adjournment were not contemporaneously reduced to writing, and it is not clear whether time continued to be of the essence after that adjournment, and, if so, when the closing was to take place. These issues of fact turn largely on credibility, and we decline to disturb the denial of the preliminary injunction in these circumstances. Although defendant, a religious corporation, had not obtained court leave for the sale prior to the date it claims was scheduled for the closing, such omission did not necessarily render it unable to perform, there being no indication that such leave could not have been obtained, even after the sale (*see, Church of God of Prospect Plaza v Fourth Church of Christ Scientist*, 54 NY2d 742, 744). The foregoing is not to be understood as any comment on whether defendant's June 21, 1996 letter to plaintiff constituted a time-of-the-essence notice fixing the closing for June 28, 1996. Concur—Sullivan, J. P., Rosenberger, Nardelli, Rubin and Saxe, JJ.