■ Salesian Society, Inc., Respondent, v Nutmeg Partners Ltd. et al., Defendants, and David Cohen, Appellant. (And a Third-Party Action.) [706 NYS2d 459] —In an action, *inter alia*, to void mortgages on certain real property, the defendant David Cohen appeals from (1) so much of an amended order of the Supreme Court, Orange County (Peter C. Patsalos, J.), dated December 14, 1998, as granted that branch of the plaintiff's motion which was for summary judgment dismissing his second counterclaim, and (2) an amended order of the same court, also dated December 14, 1998, which denied his motion for partial summary judgment on his second counterclaim.

Ordered that the amended order dated December 14, 1998, which dismissed the appellant's second counterclaim is modified by deleting the provision thereof granting that branch of the plaintiff's motion which was for summary judgment dismissing the defendant's second counterclaim in its entirety and substituting therefor a provision granting that branch of the motion only to the extent of dismissing so much of the counterclaim as is based upon a loan made by the appellant on August 6, 1990; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements; and it is further,

Ordered that the amended order dated December 14, 1998, which denied the appellant's motion for partial summary judgment is affirmed, without costs or disbursements.

In February 1989, the plaintiff, a religious organization, entered into a contract to sell the subject real property to a developer, Nutmeg Partners Ltd. (hereinafter Nutmeg). As required by statute the plaintiff obtained court approval for the sale (*see,* Religious Corporations Law § 12 [1]; N-PCL 511). In connection with the sale, the deed, which referred to the order approving the sale, was recorded. In July 1989 Nutmeg and the plaintiff, without court approval, entered into a so-called

Survival Agreement (hereinafter the Agreement), which made substantial changes to the terms of the court-approved sale. In connection with the Agreement, Nutmeg gave the plaintiff a mortgage on the property to secure Nutmeg's performance. At the request of Nutmeg, the plaintiff did not record the Agreement, to allow Nutmeg time to obtain money from investors. The plaintiff's former attorney testified at his examination before trial that when the Agreement was signed, it made a substantial change to the contract of sale which required court approval, but he did not submit the Agreement to the court for approval.

The appellant, David Cohen, relying on the representation in the deed that court approval had been obtained for the sale, made four loans to Nutmeg on August 30, 1989, March 15, 1990, June 19, 1990, and August 6, 1990, respectively, which were secured by mortgages against the property. Around the time the first loan was made, the plaintiff executed a letter subordinating its mortgage to those held by the appellant in order "to induce" him to make the loans. Thereafter, representatives of the plaintiff met with the appellant and were present during the closings on the loans, but they did not disclose the existence of the Agreement.

By summons and complaint dated June 15, 1990, the plaintiff commenced this action against, among others, Nutmeg and the appellant, seeking, *inter alia*, to rescind the sale to Nutmeg on the ground that the Agreement was not court-approved, and to void the mortgages on the property. The appellant answered and counterclaimed, alleging that the plaintiff negligently failed to inform him of the Agreement and that had he been informed of the Agreement he would not have made the loans. Accordingly, the appellant claimed that the plaintiff was liable for any damages.

By order dated October 9, 1992, the Supreme Court, Orange County, rescinded the Agreement and declared the deed transferring the property null and void because the Agreement materially altered the original contract of sale and it was never approved by the Supreme Court. The Supreme Court directed that the property be reconveyed to the plaintiff. The court did not reach the issue of whether the mortgages held by the appellant should be voided. Subsequently, the bulk of the subject property, except for approximately 10 acres used as a cemetery, was sold by Orange County to satisfy outstanding tax liens. Nutmeg has since been dissolved without repaying the loans received from the appellant and Nutmeg's president was discharged in bankruptcy.

The plaintiff moved for summary judgment dismissing the appellant's counterclaims on the ground that it did not owe a duty to the appellant to disclose the existence of the Agreement since there was no privity between it and the appellant. The appellant opposed the motion and cross-moved for summary judgment on his second counterclaim based on negligent misrepresentation. The appellant argued that his relationship with the plaintiff was "one approaching privity and was intended to benefit [the plaintiff]" in view of the subordination letter given him by the plaintiff in order to induce him to make the loans, and the plaintiff's interest in having Nutmeg obtain the financing.

The Supreme Court granted the plaintiff's motion for summary judgment, dismissing the appellant's second counterclaim and denied the appellant's motion for summary judgment on that counterclaim.

The Supreme Court erred in dismissing the appellant's second counterclaim in its entirety. To establish liability for negligent misrepresentation arising out of a commercial transaction, a party must demonstrate that the person making the misrepresentation possessed specialized or unique experience, or the persons involved are in a special relationship of confidence and trust such that reliance on the negligent misrepresentation is justified (*see, Kimmell v Schaefer,* 89 NY2d 257, 263). Whether the nature and caliber of the relationship between the parties is such that the injured party's reliance on a negligent misrepresentation is justified generally involves a question of fact (*see, Kimmell v Schaefer, supra,* at 263).

Here, the plaintiff was not an expert in real estate and did not hold itself out to be an expert. However, as a religious corporation, it could not sell its property without court approval (*see, Church of God v Fourth Church of Christ, Scientist,* 54 NY2d 742; Religious Corporations Law § 12 [1]). The original deed purported to convey valid title to Nutmeg. Court approval was obtained and the deed was recorded. The appellant, relying on the deed, made the first three loans to Nutmeg and took security interests in the property. However, since the Agreement was not court approved, Nutmeg did not have valid title. The plaintiff was aware of this and agreed to delay the filing of the Agreement to allow Nutmeg to obtain financing and subsequently agreed to subordinate its mortgage to those held by the appellant "to induce [the appellant] to make [the] investment". Under these circumstances, a question of fact exists as to whether the appellant's reliance on the plaintiff's negligent misrepresentation was justified (*see, Kimmell v Schaefer, supra,* at 263).

However, the fourth loan made by the appellant to Nutmeg was made on August 6, 1990, and the complaint in this action is dated June 14, 1990. Therefore, at the time the fourth loan was made, the appellant should have known of the existence of the Agreement and accordingly, that portion of the appellant's second counterclaim which seeks to recover damages based on the fourth loan was properly dismissed.

The appellant's remaining contentions are without merit. Bracken, J. P., O'Brien, Krausman and Goldstein, JJ., concur.