■ Ezriel Scher, Respondent, v Yeshivath Makowa Corp., Appellant. Attorney General of State of New York, Intervenor. [864 NYS2d 113]—

In an action for specific performance of a contract for the sale of real property, the defendant appeals from a judgment of the Supreme Court, Rockland County (Sherwood, J.), dated January 19, 2007, which, upon, inter alia, an order of the same court dated June 28, 2004, granting that branch of the plaintiff's motion which was for summary judgment on the issue of liability, is in favor of the plaintiff and against it, and directed it to sell the subject real property to the plaintiff for the contract price of $185,000.

Ordered that the judgment is affirmed, with costs.

Religious Corporations Law § 12 provides that a religious corporation, such as the defendant, shall not sell any of its property without applying for and obtaining leave of the court pursuant to Not-for-Profit Corporation Law § 511 (see generally *Church of God of Prospect Plaza v Fourth Church of Christ, Scientist, of Brooklyn,* 76 AD2d 712 [1980], *affd* 54 NY2d 742 [1981]). The court may authorize the sale "[i]f it shall appear, to the satisfaction of the court, that the consideration and the terms of the transaction are fair and reasonable to the corporation and that the purposes of the corporation or the interests of the members will be promoted" (N-PCL 511 [d]). When considering whether the terms and conditions of a proposed sale are fair and reasonable to the corporation, the court views the conditions prevailing at the time the contract was made (see *Church of God of Prospect Plaza v Fourth Church of Christ, Scientist, of Brooklyn,* 76 AD2d 712, 717 [1980]). A court may decree specific performance of such a contract if it determines that the contract meets the standard (see *Church of God of Prospect Plaza v Fourth Church of Christ, Scientist, of Brooklyn,* 76 AD2d 712 [1980]; *Levovitz v Yeshiva Beth Henoch,* 120 AD2d 289 [1986]). Here, the plaintiff submitted uncontradicted

testimony that the subject property had a fair market value of $185,000—the contract price—at the time of the contract. Therefore, the Supreme Court properly found that the conditions of the proposed sale were fair and reasonable to the defendant.

Moreover, the Supreme Court providently exercised its discretion in excluding the testimony of an expert witness the defendant contacted for an appraisal in the middle of the trial, after its original appraiser was unable to testify regarding the value of the property at the time of the contract (*see* CPLR 3101 [d]; *Vigilant Ins. Co. v Barnes,* 199 AD2d 257 [1993]; *Zarrelli v Littauer Hosp.,* 176 AD2d 1181, 1182 [1991]).

The defendant's remaining contention is without merit. Spolzino, J.P., Santucci, Eng and Leventhal, JJ., concur.