■ In the Matter of 51-53 WEST 129TH STREET HDFC, Appellant, v ATTORNEY GENERAL OF THE STATE OF NEW YORK et al.,

Respondents. In the Matter of 31-33 WEST 129TH STREET HDFC, Appellant, v ATTORNEY GENERAL OF THE STATE OF NEW YORK et al., Respondents. [944 NYS2d 551]—

Orders, Supreme Court, New York County (Paul Wooten, J.), entered November 29, 2011, which, inter alia, denied the petitions pursuant to Not-For-Profit Corporation Law § 511 for court approval authorizing the sale of substantially all the assets of petitioners' not-for-profit Housing Development Funds, unanimously affirmed, without costs.

As a threshold issue, petitioners have failed to show that the proposed sales of their properties are even possible. Petitioner 31-33 West 129th Street HDFC included only portions of its contract for sale in the record which indicate that it must convey a fee simple interest in the property that can receive title insurance. Petitioner 51-53 West 129th Street HDFC, which went to contract on the same date with the same purchaser, failed to include any portion of its contract of sale in the record. However, given that the properties were foreclosed in tax proceedings more than four months ago and that petitioners' interests are subject to imminent extinguishment by ministerial act of the Commissioner of Finance (*see* Administrative Code of City of NY § 11-412.1; *O'Bryan v Stark*, 77 AD3d 494 [2010], *lv denied* 17 NY3d 704 [2011]), it would appear that petitioners' interests would likely be deemed uninsurable in any case.

Even if this proceeding is not moot, respondent NYC Department of Housing Preservation and Development's approval of these transactions, which effectively result in the dissolutions of petitioners, is required (N-PCL 1002 [c]). The transactions were properly reviewed under N-PCL 511, with notice to the Attorney General. Section 511 (d) provides that such transactions may be approved if their commercial terms are fair and reasonable, and if either the purpose of the corporation or the interests of the members are advanced by the transaction. Here, there is no dispute that the purchase prices of the properties are commercially reasonable. However, the purposes of the corporations are clearly served better by disapproval. The purpose of the petitioners is the provision of low income housing. Both the proposed sales will be to the same for-profit landlord. By contrast, with no sale, the properties will be transferred to qualified third-party, low-income landlords. Concur—Mazzarelli, J.P., Friedman, Catterson, Richter and Manzanet-Daniels, JJ. **[Prior Case History: 2011 NY Slip Op 33096(U).]**