■ CONGREGATION NACHLAS JACOB ANSHE SFARD OF JACKSON HEIGHTS, Respondent, v SIMON SCHWARZ, Appellant, et al., Defendant. [55 NYS3d 913]—

Appeal from an order of the Supreme Court, Kings County (Debra Silber, J.), dated February 23, 2015. The order, insofar as appealed from, granted that branch of the plaintiff's motion which was for summary judgment on its cause of action to quiet title to the subject property.

Ordered that the order is affirmed insofar as appealed from, with costs.

The Supreme Court properly granted the plaintiff's motion for summary judgment on its cause of action to quiet title to the subject property. Religious Corporations Law § 12 (1) provides that in order to sell any of its real property, a religious corporation must apply for, and obtain, leave of court pursuant to Not-For-Profit Corporation Law § 511 (*see Levovitz v Yeshiva Beth Henoch*, 120 AD2d 289, 295 [1986]). "The purpose of this requirement is to protect the members of the religious corporation, the real parties in interest, from loss through unwise bargains and from perversion of the use of the property" (*Church of God of Prospect Plaza v Fourth Church of Christ, Scientist, of Brooklyn*, 76 AD2d 712, 716 [1980], *affd* 54 NY2d 742 [1981]). Here, the plaintiff, a religious corporation subject to the requirements of Religious Corporations Law § 12 (1), established, prima facie, that its conveyance of the subject property to the defendants was invalid because it was made without leave of court (*see* Religious Corporations Law § 12 [1]; *Wiggs v Williams*, 36 AD3d 570, 571 [2007]; *Matter of Agudist Council of Greater N.Y. v Imperial Sales Co.*, 158 AD2d 683 [1990]). In opposition, the defendant Simon Schwarz (hereinafter the defendant) failed to raise a triable issue of fact (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]).

The defendant's remaining contentions are without merit. Balkin, J.P., Chambers, Maltese and Duffy, JJ., concur.