St. Lucy's Cathedral Old R.C. Church v Sacred Heart of Jesus English Rite Catholic Church, Inc. (2020 NY Slip Op 07236)





St. Lucy's Cathedral Old R.C. Church v Sacred Heart of Jesus English Rite Catholic Church, Inc.


2020 NY Slip Op 07236


Decided on December 2, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 2, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
ROBERT J. MILLER
JOSEPH J. MALTESE
PAUL WOOTEN, JJ.


2017-04991
 (Index No. 512525/16)

[*1]St. Lucy's Cathedral Old Roman Catholic Church, respondent, 
v
Sacred Heart of Jesus English Rite Catholic Church, Inc., et al., appellants.


Wolodymyr M. Starosolsky, New York, NY, for appellants.
Cullen and Dykman LLP, Garden City, NY (Peter J. Mastaglio of counsel), for respondent.



DECISION & ORDER
In an action pursuant to RPAPL article 15 to quiet title to certain real property and to recover damages for slander of title, the defendants appeal from an order of the Supreme Court, Kings County (Lawrence Knipel, J.), dated April 4, 2017. The order, insofar as appealed from, granted the plaintiff's motion for summary judgment on its cause of action to quiet title to certain real property and denied the defendants' cross motion pursuant to CPLR 3211(a) to dismiss the complaint.
ORDERED that the order is affirmed insofar as appealed from, with costs.
During the pendency of a prior action before the Supreme Court, Kings County, to determine, inter alia, the lawful trustees of the plaintiff, St. Lucy's Cathedral Old Roman Catholic Church, the defendants Vincent E. Natoli and Joyce Allyene (hereinafter together the individual defendants) executed a deed that purported to transfer the plaintiff's real property in Brooklyn (hereinafter the subject property) to the defendant Sacred Heart of Jesus English Rite Catholic Church, Inc. (hereinafter Sacred Heart), without prior notice to the court or the other parties to that action. When the court learned of the conveyance it ordered that the subject property be returned to the plaintiff. The subject property was returned by deed recorded in April 2014. The prior action was marked dismissed on October 15, 2015. Subsequently, in January 2016, the individual defendants executed and recorded a new deed that purported to transfer the subject property from the plaintiff back to Sacred Heart, again without any notice to the court or the other parties to the prior action. Upon learning of the purported new conveyance, the plaintiff commenced this action against the defendants, inter alia, pursuant to RPAPL article 15 to quiet title. The plaintiff then moved for summary judgment on its cause of action to quiet title, and the defendants cross-moved pursuant to CPLR 3211(a) to dismiss the complaint, inter alia, for lack of standing. The Supreme Court granted the plaintiff's motion and denied the defendants' cross motion, and the defendants appeal.
We agree with the Supreme Court's determination granting the plaintiff's motion for summary judgment on its cause of action to quiet title to the subject property and denying the defendants' cross motion to dismiss, inter alia, for lack of standing. "Religious Corporations Law [*2]§ 12(1) provides that in order to sell any of its real property, a religious corporation must apply for, and obtain, leave of court pursuant to Not-For-Profit Corporation Law § 511" (Congregation Nachlas Jacob Anshe Sfard of Jackson Hgts. v Schwarz, 152 AD3d 647, 647; see Levovitz v Yeshiva Beth Henoch, 120 AD2d 289, 295-296). "The purpose of this requirement is to protect the members of the religious corporation, the real parties in interest, from loss through unwise bargains and from perversion of the use of the property" (Church of God of Prospect Plaza v Fourth Church of Christ, Scientist, of Brooklyn, 76 AD2d 712, 716, affd 54 NY2d 742). Here, contrary to the defendants' contentions, the plaintiff established, prima facie, that the 2016 conveyance of the subject property was invalid because it was made without leave of court (see Religious Corporation Law § 12[1]; Congregation Nachlas Jacob Anshe Sfard of Jackson Hgts. v Schwarz, 152 AD3d at 647). In opposition, the defendants failed to raise a triable issue of fact (see Zuckerman v City of New York, 49 NY2d 557, 562). In particular, as the owner of the subject property prior to the January 2016 conveyance at issue in this case, the plaintiff had standing to assert its cause of action to quiet title against the defendants (see RPAPL 1501[1]). Moreover, to the extent that the defendants assert an ultra vires argument based on evidence regarding the proper composition of the plaintiff's board of trustees, their contention also fails to preclude an award of summary judgment in the plaintiff's favor (see Not-for-Profit Corporation Law §§ 103, 201, 203; Religious Corporations Law § 2-b; Congregation Yetev Lev D'Satmar v 26 Adar N.B. Corp., 219 AD2d 186, 190; see also Business Corporation Law § 203).
The parties' remaining contentions either need not be reached in light of the foregoing or are without merit.
MASTRO, J.P., MILLER, MALTESE and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court