Matter of Bronxwood Home for the Aged, Inc. v Attorney Gen. of the State of N.Y. (2024 NY Slip Op 02272)

Matter of Bronxwood Home for the Aged, Inc. v Attorney Gen. of the State of N.Y.

2024 NY Slip Op 02272

Decided on April 30, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 30, 2024

Before: Singh, J.P., Gesmer, Kennedy, Scarpulla, Pitt-Burke, JJ. 

Index No. 800691/23 Appeal No. 2158 Case No. 2023-04873 

[*1]In the Matter of Bronxwood Home for the Aged, Inc., Respondent,
v
Attorney General of the State of New York, Statutory Party-Appellant.

Letitia James, Attorney General, New York (Anthony R. Raduazo of counsel), for appellant.
Holland & Knight LLP, New York (Sean C. Sheely of counsel), for respondent.

Order, Supreme Court, Bronx County (Wilma Guzman, J.), entered August 21, 2023, which granted the petition pursuant to N-PCL 511 for court approval authorizing the sale of petitioner Bronxwood Home for the Aged, Inc.'s real property, unanimously reversed, on the law, without costs, and the petition denied.
Bronxwood is a New York not-for-profit charitable corporation founded in 1977 that owns and operates a senior home and assisted living facility in the Bronx. In December 2020, after several months operating under difficult conditions due to the COVID-19 pandemic, Bronxwood executed two separate agreements with a for-profit corporation, nonparty W Group, to effectuate a proposed sale: (i) an asset purchase agreement to convey Bronxwood's assets (i.e., its business, facility, and equipment) to the W Group for $2 million, and (ii) a real estate purchase agreement to transfer Bronxwood's real property to the W Group for $16 million. The asset purchase agreement was conditioned on the W Group obtaining approval to operate a senior home and assisted living facility on the property from the New York State Department of Health (DOH), which the W Group has not yet obtained. However, in January 2023, Bronxwood filed the instant petition in Supreme Court pursuant to N-PCL 511, seeking judicial approval to complete the real estate portion of the sale as soon as possible.
The sale of "all or substantially all" assets of a nonprofit organization such as Bronxwood must be approved pursuant to N-PCL 510(a)(3). Under the two-prong test set forth in N-PCL 511(d), the court must find that (1) the consideration and terms of the transaction are fair and reasonable to the corporation; and (2) the purpose of the corporation or the interests of its members will be promoted (see 64th Assoc., L.L.C. v Manhattan Eye, Ear & Throat Hosp., 2 NY3d 585, 590 [2004], citing Church of God of Prospect Plaza v Fourth Church of Christ, Scientist, of Brooklyn, 76 AD2d 712 [2d Dept 1980], affd 54 NY2d 742 [1981]).
The contract price for the sale of Bronxwood's real estate is fair and reasonable to the extent that it is in line with the appraised value of the real estate (see Scher v Yeshivath Makowa Corp., 54 AD3d 839, 839-840 [2d Dept 2008]). However, the bifurcated nature of the transaction between Bronxwood and the W Group would not serve Bronxwood's corporate purpose or promote the interests of its elderly residents (see Matter of 51-53 W. 129th St. HDFC v Attorney Gen. of the State of N.Y., 95 AD3d 674, 675 [1st Dept 2012]). The W Group has not yet received DOH approval and it is unclear when and if it will be able to own and operate the assisted living facility housed on the property. Until W Group receives that approval, Bronxwood would be obligated to pay $1.2 million in rent annually to W Group on a property that does not presently have a mortgage.
Moreover, despite paying W Group over $1.9 million in management fees, Bronxwood's financial statements reflect a net operating [*2]loss in 2022, which would be exacerbated by a new rent obligation. Bronxwood's claim that its dire financial condition due to the COVID-19 pandemic requires the immediate sale of its real property is belied by the fact that its occupancy rates have returned to pre-pandemic levels, and its appraisals predict continued growth (see Church of God of Prospect Plaza, 76 AD2d at 717). Thus, the sale of Bronxwood's real estate, without a concurrent sale of its assets and the facility to a licensed and approved operator, would not serve its corporate purpose or its residents (see Matter of 51-53 W. 129th St. HDFC, 95 AD3d at 675). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 30, 2024