Matter of East Midwood Jewish Ctr., Inc. (Levitt) (2025 NY Slip Op 00321)

Matter of East Midwood Jewish Ctr., Inc. (Levitt)

2025 NY Slip Op 00321

Decided on January 22, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 22, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
BARRY E. WARHIT
JANICE A. TAYLOR, JJ.

2021-05168
 (Index No. 509734/20)

[*1]In the Matter of East Midwood Jewish Center, Inc., petitioner-respondent. Ellen Levitt, et al., nonparty-appellants; Urban Dove, Inc., et al., nonparty-respondents.

Levi & Korsinsky LLP, New York, NY (Eduard Korsinsky and Daniel Tepper of counsel), for nonparty-appellants.
Michael T. Sucher, Brooklyn, NY (Andrew M. Shabasson and Fried, Frank, Harris, Shriver & Jacobson LLP [Janice Mac Avoy, Shira Sandler, and Ansel Bencze], of counsel), for petitioner-respondent.
Simpson Thacher & Bartlett LLP, New York, NY (Sarah E. Phillips, Bryce Kaplan, and Jeffrey Bohme of counsel), for nonparty-respondents.

DECISION & ORDER
In a proceeding pursuant to Religious Corporations Law § 12 and Not-for-Profit Corporation Law § 511 for nunc pro tunc court approval of a lease of real property owned by the petitioner, nonparties Ellen Levitt and Laurie Mermelstein appeal from an order and judgment (one paper) of the Supreme Court, Kings County (Wavny Toussaint, J.), dated July 7, 2021. The order and judgment (1) granted the petition, (2) denied the cross-motion of nonparties Ellen Levitt and Laurie Mermelstein pursuant to CPLR 2201 to stay this proceeding pending determination of a related action entitled Levitt v East Midwood Jewish Center, Inc., pending in the Supreme Court, Kings County, under Index No. 509604/20, and (3) denied the separate cross-motion of nonparties Ellen Levitt and Laurie Mermelstein pursuant to CPLR 6301, inter alia, to enjoin nonparties Urban Dove, Inc., and Urban Dove Team Charter School from operating a school at the subject real property.
ORDERED that the order and judgment is affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.
The petitioner entered into a lease with nonparty Urban Dove, Inc. (hereinafter Urban Dove), to lease to Urban Dove certain premises located in Brooklyn for use as a charter school. The initial lease term was approximately 5 years and 10 months, and Urban Dove could elect to extend the lease for two additional terms of 5 years each. The petitioner's Board of Trustees voted at an emergency board meeting to approve the lease.
The petitioner subsequently commenced the instant proceeding pursuant to Religious Corporations Law § 12 and Not-for-Profit Corporation Law § 511 for nunc pro tunc court approval of the lease. Nonparties Ellen Levitt and Laurie Mermelstein (hereinafter the appellants) opposed [*2]the petition. The appellants cross-moved pursuant to CPLR 2201 to stay this proceeding pending determination of a related action entitled Levitt v East Midwood Jewish Center, Inc., pending in the Supreme Court, Kings County, under Index No. 509604/20, and separately cross-moved pursuant to CPLR 6301, inter alia, to enjoin Urban Dove and nonparty Urban Dove Team Charter School from operating a school at the premises. In an order and judgment dated July 7, 2021, the Supreme Court granted the petition and denied the cross-motions. This appeal ensued.
Religious Corporations Law § 12(1) provides that a religious corporation, such as the petitioner, shall not lease any of its real property for a term exceeding five years without applying for and obtaining leave of the court pursuant to Not-for-Profit Corporation Law § 511 (see generally Church of God of Prospect Plaza v Fourth Church of Christ, Scientist, of Brooklyn, 76 AD2d 712, affd 54 NY2d 742). A religious corporation may obtain such leave retroactively (see Religious Corporations Law § 12[9]; Congregation Yetev Lev D'Satmar of Kiryas Joel, Inc. v Congregation Yetev Lev D'Satmar, Inc., 9 NY3d 297, 301; Church of God of Prospect Plaza v Fourth Church of Christ, Scientist, of Brooklyn, 76 AD2d at 716).
The court may authorize such a lease "[i]f it shall appear, to the satisfaction of the court, that the consideration and the terms of the transaction are fair and reasonable to the corporation and that the purposes of the corporation or the interests of the members will be promoted" (Not-for-Profit Corporation Law § 511[d]). "When considering whether the terms and conditions of a proposed sale [or lease] are fair and reasonable to the corporation, the court views the conditions prevailing at the time the contract was made" (Scher v Yeshivath Makowa Corp., 54 AD3d 839, 839; see Church of God of Prospect Plaza v Fourth Church of Christ, Scientist, of Brooklyn, 76 AD2d at 717).
Here, the evidence submitted by the petitioner, including the lease, the petitioner's certificate of incorporation, the petitioner's constitution and bylaws, and a real estate appraisal of the premises as of November 14, 2019, established that the terms of the lease were fair and reasonable to the petitioner and that the lease promoted the purposes of the petitioner and the interests of the petitioner's members (see Matter of Prospect Hgts. Hous. Dev. Fund Corp., 91 AD3d 956, 957). The appellants' submissions failed to raise a triable issue of fact in opposition (see CPLR 409[b]; Matter of Melville v Motor Veh. Acc. Indem. Corp., 210 AD3d 783, 784; Matter of Saadia Safdi Realty, LLC v Press, 207 AD3d 633, 635).
Contrary to the appellants' assertion, the absence of any provision in the petitioner's bylaws regarding members voting on the leasing of the petitioner's property meant that no vote by the members was necessary to approve the lease (see Congregation Petach Tikvah v Septimus, 276 App Div 913; Matter of National Council of Young Israel, 2 Misc 3d 1003[A], 2003 NY Slip Op 51716[U] [Sup Ct, NY County]).
The appellants' remaining contentions are without merit.
Accordingly, the Supreme Court properly granted the petition and denied the cross-motions.
DILLON, J.P., CHAMBERS, WARHIT and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court