■ JOSEPH S. HSIEH, Appellant, v PUDGE CORP. et al., Respondents, et al., Defendants.—In an action, inter alia, to compel a determination of a claim to certain real property, the plaintiff appeals from so much of a judgment of the Supreme Court, Suffolk County (Di Paola, J.), dated January 11, 1985, as, after a nonjury trial, determined that the plaintiff has a leasehold interest in the subject real property owned by the defendant Pudge Corp., limited to the building and land immediately beneath the building, together with that area necessary for deliveries and off-street parking to conduct his business and for compliance with relevant and applicable laws, and failed to award him compensatory and punitive damages based on a breach of contract.

Judgment affirmed insofar as appealed from, with costs.

The defendant Pudge Corp. is the owner of a certain parcel of real property located at 53345 Main Road, Southold, New York, which is described on the 1979-1980 Suffolk County Tax Map for the area as lots Nos. 11 and 12. A structure housing a Chinese restaurant is located on lot No. 12. To the east of that structure is a parking area which is adjacent to the restaurant, and further east is the Town of Southold's municipal parking lot.

The plaintiff entered into an agreement with Pudge Corp. to lease the premises described as "53345 Main Road" for a period of 20 years, commencing May 1, 1980, and ending on April 30, 2000, "to be used and occupied only for commercial uses permitted by appropriate municipal authorities, including Chinese restaurant, both dining in and take-out, with bar". Paragraph 53 of the lease states that the "[t]enant shall have

the sole and exclusive right to operate a Chinese restaurant in the *shopping center* owned by [the] landlord herein wherein subject premises is located" (emphasis added). Paragraph 47 of the lease refers to the additional rental to be paid by the tenant for its proportionate share of the "common area maintenance cost" incurred by the defendant landlord as compared to "the total square footage of all building space available for lease in the shopping center."

Despite this language in the lease referring to the shopping center, the plaintiff contends that at the time he signed the lease he believed that he was acquiring an interest in the entire shopping center, consisting of approximately three acres of property, and not merely in the building and necessary service and parking area surrounding the restaurant structure. Although the defendant James L. Gray, Sr., the president of the defendant Pudge Corp., testified at the trial that he informed the plaintiff prior to the signing of the lease that he planned to build a mini-shopping center on the parcel, the plaintiff maintains that this information was never conveyed to him until several years after he signed the lease. He also asserts that the defendant Pudge Corp. improperly leased a portion of the property to the Town of Southold for use as the municipal parking field and conveyed another portion of the parcel to the United States Post Office subsequent to the signing of the lease.

As we stated in *Nassau Ch. Civ. Serv. Employees Assn. v County of Nassau* (77 AD2d 563, 564, *affd* 54 NY2d 925, quoting from *Chemung Canal Trust Co. v Montgomery Ward & Co.,* 4 AD2d 95, 102, *affd* 4 NY2d 1017), "[i]t is well settled that 'a construction of a contract which produces unreasonable results should be avoided, if possible, and that a more reasonable construction should be sought *(Fleischman v. Fergueson,* 223 N. Y. 235, 241; Restatement, Contracts, § 236, subd. [a])' ". The trial court properly considered the lease as a whole, adopting a reasonable construction of its provisions that the plaintiff's leasehold interest in the premises was limited to the building and the land immediately beneath the building designated as 53345 Main Road, together with that area necessary for off-street parking and the delivery of merchandise to permit the plaintiff to conduct his business.

The plaintiff's further contention that the trial court was predisposed or biased in favor of the defendants lacks merit. A reading of the record as a whole indicates that the court conducted a fair trial and properly questioned the witnesses at certain points during the trial to fully ascertain the relevant

facts of the case and to clarify certain issues raised by their testimony.

Finally, contrary to the plaintiff's assertions, the evidence in the record supports the court's findings and conclusions. Lazer, J. P., Brown, Rubin and Eiber, JJ., concur.