■ TRI-MESSINE CONSTRUCTION Co., INC., Appellant, v TELESECTOR RESOURCES GROUP, INC., et al., Respondents. [731 NYS2d 648] —In an action, *inter alia*, to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Nassau County (Mahon, J.), dated June 20, 2000, which granted the defendants' motion for summary judgment dismissing the complaint and, in effect, denied its cross motion for summary judgment or to dismiss the defendants' affirmative defenses.

Ordered that the order is affirmed, with costs.

The Supreme Court correctly determined that the plaintiff's interpretation of the price schedules attached to the subject contracts does not give a "fair and reasonable meaning" (*Heller v Pope*, 250 NY 132, 135; *see, Albanese v Consolidated Rail Corp.*, 245 AD2d 475, 476) to the disputed words. To adopt the plaintiff's view that the parties agreed to a double-rate pay structure would necessarily require the Supreme Court to add terms to the contracts, i.e., a price formula, which the parties did not include. The "court's role is limited to interpretation and enforcement of the terms agreed to by the parties; it does not include the rewriting of their contract and the imposition of additional terms" (*Matter of Salvano v Merrill Lynch, Pierce, Fenner & Smith*, 85 NY2d 173, 182; *see, Matter of Macrae v Dolce*, 249 AD2d 476, 477; *Matter of Scalabrini v Scalabrini*, 242 AD2d 725, 726). Moreover, where as here, the plaintiff's construction would in certain instances lead to unreasonable results, such a construction should be avoided (*see, Nassau Ch. v County of Nassau*, 77 AD2d 563, 564, *affd* 54 NY2d 925; *Hsieh v Pudge Corp.*, 122 AD2d 198). Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint.

The plaintiff's remaining contentions are without merit. Ritter, J. P., Goldstein, Florio and Townes, JJ., concur.