McCooe, J.
(dissenting). I respectfully dissent. The plaintiff issued an appeal bond to the defendants which obligated them to reimburse the plaintiff for any payment made under the bond up to $28,500 plus interest and costs. The plaintiff made a payment and seeks reimbursement from the defendants. The majority has affirmed the finding that the defendants are personally liable but hold that there is an issue of fact as to whether a letter sent by the defendants to the plaintiff prior to the issuance of the bond modified the language of the bond as to interest and costs so as to deny indemnification for interest and costs accrued after the date of the letter. The sequence of events was that the defendants submitted the application for the bond, followed by the letter and the issuance of the bond.
The bond was a complete contract containing all the essential terms. The majority does not seek to supply a missing term but to vary a clear and unambiguous essential term by a prior inconsistent writing. This would violate the parol evidence rule. (Braten v Bankers Trust Co., 60 NY2d 155, 162 [1983].) The majority does not cite any legal authority for such result.
Furthermore, the clear and unequivocal language of the bond reads $28,500 plus interest and costs without any reference to a cutoff date for interest or costs. This is the customary language and it is generally understood that the amount of the interest and costs due under a bond can only be determined at the time of the final judgment and not when the bond is issued. The position advanced by the defendant would mean that the bonding company agreed in advance to forego a right to indemnification of a part of the interest and costs it would pay on the bond from a responsible party. The construction of a contract which leads to unreasonable results should be avoided. (Nassau Ch. v County of Nassau, 77 AD2d 563, 564 [2d Dept 1980], affd 54 NY2d 925 [1981].) The escrow amount referred to in the letter was security for the bond but not a limitation of the defendants’ monetary liability. The defendant, an attorney, never objected to the language of the bond until payment was requested. He cannot now argue that the clear language of the bond did not express his intentions when the bond was issued.
The role of the court is to interpret a contract and not to rewrite it. (Tri-Messine Constr. Co. v Telesector Resources Group, 287 AD2d 558 [2d Dept 2001].) Since the language of the bond is clear and unambiguous, the issue is one of law for the court. (Berghold v Kirschenbaum, 287 AD2d 673 [2d Dept 2001].) There is no factual issue present requiring a trial.
The judgment should be affirmed.
*752 Parness, P.J., and Gangel-Jacob, J., concur; McCooe, J., dissents in a separate memorandum.