■ EZRIEL SCHER, Respondent, v YESHIVATH MAKOWA CORP., Appellant, and ELIOT SPITZER, Intervenor. [799 NYS2d 106]—

In an action for specific performance of a contract for the sale of real property or, alternatively, to recover damages for breach of contract, the defendant appeals from (1) an order of the Supreme Court, Rockland County (Sherwood, J.), dated June 28, 2004, which granted that branch of the plaintiff's motion which was for summary judgment on the cause of action for specific performance of the contract at a price of $218,000, and denied its cross motion for summary judgment dismissing the complaint, and (2) a judgment of the same court dated July 6, 2004, which, upon the order, awarded the plaintiff specific performance of the contract at the price of $218,000.

Ordered that the appeal from so much of the order as granted that branch of the motion which was for summary judgment on the cause of action for specific performance of the contract at a price of $218,000 and as denied that branch of the cross motion which was for summary judgment dismissing the cause of action for specific performance is dismissed; and it is further,

Ordered that the order is affirmed insofar as reviewed; and it is further,

Ordered that the judgment is reversed, on the law, that branch of the motion which was for summary judgment on the cause of action for specific performance of the contract at the price of $218,000 is denied, and the order dated June 28, 2004, is modified accordingly; and it is further,

Ordered that one bill of costs is awarded to the appellant.

The appeal from so much of the order as granted that branch of the motion which was for summary judgment on the cause of action for specific performance of the contract at a price of $218,000 and as denied that branch of the cross motion which was for summary judgment dismissing the cause of action for specific performance must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho,* 39 NY2d 241, 248 [1976]). The issues raised on appeal from those portions of the order are brought up for review and have been considered on appeal from the judgment (*see* CPLR 5501 [a] [1]).

The Supreme Court erred in rewriting the parties' contract for the sale of real property insofar as it changed the agreed-upon price (*see Matter of Salvano v Merrill Lynch, Pierce, Fenner & Smith,* 85 NY2d 173 [1995]; *EMC Mtge. Corp. v Bobb,*

296 AD2d 476 [2002]; *Tri Messine Constr. Co. v Telesector Resources Group,* 287 AD2d 558 [2001]). In any event, a court may not direct specific performance of a contract for the sale of real property by a religious corporation, as here, without first determining that the proposed sale complies with Religious Corporations Law § 12 and Not-for Profit Corporation Law § 511 (*see Rende & Esposito Consultants v St. Augustine's Roman Catholic Church,* 131 AD2d 740 [1987]; *Church of God of Prospect Plaza v Fourth Church of Christ, Scientist, of Brooklyn,* 76 AD2d 712 [1980], *affd* 54 NY2d 742 [1981]; *see also Levovitz v Yeshiva Beth Henoch,* 120 AD2d 289 [1986]; *Wolkoff v Church of St. Rita,* 132 Misc 2d 464 [1986], *affd* 133 AD2d 267 [1987]; *Matter of Minister, Elders & Deacons of Ref. Dutch Church of Saugerties,* 16 Barb 237, 241-43 [1853]). Accordingly, the Supreme Court should have denied that branch of the plaintiff's motion which was for summary judgment on the cause of action for specific performance of the contract at a price of $218,000.

The Supreme Court properly denied that branch of the appellant's cross motion which was for summary judgment dismissing the cause of action to recover damages for breach of contract.

The appellant's remaining contention is without merit. Cozier, J.P., Ritter, Krausman and Skelos, JJ., concur.