In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Demurest, J.), dated January 13, 2012, as granted that branch of the defendant’s motion which was for summary judgment dismissing the first cause of action.
Ordered that the order is affirmed insofar as appealed from, with costs.
“[W]hen parties set down their agreement in a clear, complete document, their writing should as a rule be enforced according to its terms. Evidence outside the four corners of the document as to what was really intended but unstated or misstated is generally inadmissible to add to or vary the writing” (W.W.W. Assoc. v Giancontieri, 77 NY2d 157, 162 [1990]). Thus, “before looking to evidence of what was in the parties’ minds, a court must give due weight to what was in their contract” (id. at 162). “A contract should be read as a whole to ensure that undue emphasis is not placed upon particular words and phrases” (Consedine v Portville Cent. School Dist., 12 NY3d 286, 293 [2009]). “Whether a contract is ambiguous is a question of law and extrinsic evidence may not be considered unless the document itself is ambiguous” (South Rd. Assoc., LLC v International Bus. Machs. Corp., 4 NY3d 272, 278 [2005]). “Moreover, courts may not by construction add or excise terms, nor distort the meaning of those used and thereby make a new contract for the parties under the guise of interpreting the writing” (Bailey v Fish & Neave, 8 NY3d 523, 528 [2007] [internal quotation marks omitted]; see Vermont Teddy Bear Co. v 538 Madison Realty Co., 1 NY3d 470, 475 [2004]).
Here, the plaintiff failed to show any ambiguity in the subject contract that would permit consideration of the preferred extrinsic evidence of an alleged oral agreement to clarify the meaning of the term “preference” as used in the contract. Moreover, the interpretation advanced by the plaintiff would result in an unreasonable result, which should be avoided (see TriMessine Constr. Co. v Telesector Resources Group, 287 AD2d 558 [2001]; Campos v 7 Hallock Landing Corp., 166 AD2d 549, 550 [1990]; Hsieh v Pudge Corp., 122 AD2d 198, 199 [1986]).
The plaintiffs remaining contentions are without merit.
*1050 The Supreme Court therefore properly granted that branch of the defendant’s motion which was for summary judgment dismissing the first cause of action, which sought to recover damages for breach of contract. Mastro, J.P., Angiolillo, Leventhal and Chambers, JJ., concur. [Prior Case History: 34 Misc 3d 1211(A), 2012 NY Slip Op 50046(U).]