2014-1957 W CMaralyn Brois, Respondent, April 6, 2016
against
Curry Honda, Appellant.



Appeal from a judgment of the Justice Court of the Town of Yorktown, Westchester County (Salvatore A. Lagonia, J.), entered October 29, 2013. The judgment, after a nonjury trial, awarded plaintiff the principal sum of $500.




ORDERED that the judgment is reversed, without costs, and the matter is remitted to the Justice Court for the entry of a judgment dismissing the action.
In this small claims action, plaintiff seeks to recover the principal sum of $2,500 for an alleged leak in the trunk of a used 2009 Honda Accord which she purchased from defendant, and for the loss of the vehicle's trade-in value over the six months that she owned the vehicle before she decided to trade it in towards the purchase of another vehicle from defendant. In its decision following a nonjury trial, the Justice Court "adjust[ed]" the $13,500 trade-in value of the 2009 Honda, as set forth in the parties' written trade-in agreement, to the sum of $14,000, and, thus, awarded plaintiff the principal sum of $500. Defendant appeals, asserting that the Justice Court erred in rewriting an agreement freely entered into by the parties. 
In a small claims action, our review is limited to a determination of whether "substantial justice has . . . been done between the parties according to the rules and principles of substantive law" (UJCA 1807; see UJCA 1804; Ross v Friedman, 269 AD2d 584 [2000]; Williams v Roper, 269 AD2d 125, 126 [2000]). Upon a review of the record, we find that the Justice Court erred in determining a trade-in value which contradicted the clearly expressed value of $13,500 set forth in the contract (see Rodolitz v Neptune Paper Prods., 22 NY2d 383, 386 [1968]; Scher v Yeshivath Makowa Corp., 20 AD3d 470, 471 [2005]). Consequently, the judgment failed to provide the parties with substantial justice according to the rules and principles of substantive law (see UJCA 1807). Accordingly, the judgment is reversed and the matter is remitted to the Justice Court for the entry of a judgment dismissing the action. 
Iannacci, J.P., and Tolbert, J., concur.
Decision Date: April 06, 2016