■ 64TH ASSOCIATES, L.L.C., Appellant, v MANHATTAN EYE, EAR & THROAT HOSPITAL et al., Respondents. [753 NYS2d 504] —Judgment, Supreme Court, New York County (Ira Gammerman, J.), entered December 14, 2001, dismissing the complaint for failure to state a cause of action, unanimously affirmed, without costs.

Defendant hospital, a not-for-profit corporation, entered into a contract for the sale of its real estate assets to plaintiff. The contract included a provision requiring defendant to reimburse plaintiff for precontractual out-of-pocket expenses in the event the statutorily required judicial approval of the sale (N-PCL 510 [a] [3]; 511; *see Church of God of Prospect Plaza v Fourth Church of Christ, Scientist*, 54 NY2d 742) was not obtained. Defendant's application for judicial approval was denied. Plaintiff then brought the instant action to recover its out-of-pocket expenses on the theory that the judicial disapproval voided only the contract provisions relating to the transfer of the property, and left intact the provisions relating to the consequences of a judicial disapproval. The IAS court correctly rejected this argument as contrary to the purpose of the statute—to protect charitable organizations from loss through unwise bargains. Such a purpose is inconsistent with the charity's payment of what is, in effect, liquidated damages for having entered into an improvident transaction. We have considered plaintiff's other causes of action and proposed causes of action, and find that they also fail to state a cause of action. Concur—Nardelli, J.P., Andrias, Ellerin and Lerner, JJ.